CHARLES F. WIPPLER ET AL., Appellants, v. HERMAN J. HOHN ET AL.
—110 S. W. (2d) 409.

Division One, September 15, 1937.

*Edgar D. Davis, W. Scott Hancock* and *Bryan Wilson* for appellants; *Dubail, Wilson & Judge* of counsel.

*Nagel, Kirby, Orrick & Shepley* and *Everett Paul Griffin* for Standard Oil Company.

*Frank X. Hiemenz* for Hohn.

GANTT, J.—Action to enjoin the operation of a repair garage and compel the removal of the garage building as having been constructed in violation of the general zoning ordinance of the city of St. Louis. Judgment for defendants and plaintiffs appealed. Plaintiff Lillie A. Wippler died pending appeal, and plaintiff Charles F. Wippler proceeded with the cause in this court.

In substance the petition alleged that the construction of the building was in violation of the general zoning ordinance and a damage to plaintiffs' property; that the operation of the garage caused loud and unusual noises, noxious fumes and gases and constant jarring and danger from vehicles, fire and explosion to the damage of said property.

It also alleged that defendants Theo. Hemmelman, Jr., Richard C. Spackler and Charles Rippin have an interest in the property as trustees and beneficiaries under deeds of trusts and that the defendant Standard Oil Company has an interest as lessee.

In substance the separate answers of defendants Hohn and Standard Oil Company alleged that an ordinance, No. 36154, amending the general zoning ordinance authorized the construction of the building; that plaintiffs made no objection to said construction, and permitted defendants to expend large sums of money, and thereby are estopped to maintain this action. They denied that operation of the garage damaged plaintiffs' property and also alleged that the general zoning ordinance was in violation of the due process clause of the State and Federal Constitutions.

The answers of defendants Theo. Hemmelman, Jr., and Richard C. Spackler were general denials. The defendant Charles Rippin, a beneficiary under a deed of trust, made default.

The reply was a general denial with an allegation that Ordinance No. 36154 is invalid in that it was enacted without notice and a hearing, as required by the general zoning ordinance and enabling act. [Secs. 7262, 7263, R. S. 1929.] It also alleged that said ordinance is arbitrary and unreasonable and for that reason invalid.

Plaintiffs owned by the entirety Lot 26, Block 1625, city of St. Louis. Defendants Herman J. and Mathilda Hohn own Lots 27 and 28 in said block. Lot 27 adjoins Lot 26 on the north, and Lot 28 adjoins Lot 27 on the north. Lot 28 is the southeast corner of Michigan and Winnebago streets.

The general zoning ordinance, No. 35003, approved April 27, 1926, classified plaintiffs' Lot and defendants' Lots as ''multiple dwelling'' properties. Before the enactment of said ordinance there was on Lot 28 a filling station and a battery and tire station, which are nonconforming uses under the ordinance. Lot 27 was vacant, and plaintiffs' ''single flat'' is on Lot 26. In 1927 defendants Hohn applied for a permit to erect the building in question on Lots 27 and 28. The application was refused as in violation of the general zoning ordinance. Thereupon the board of aldermen enacted Ordinance No. 36514, amending the general zoning ordinance by classifying Lots 27 and 28 as locations for commercial property. Under said ordinance a permit was issued. On July 16, 1927, defendants Hohn commenced the erection of the garage building on said lots and completed same in three months. It was constructed around

and attached to the filling station on Lot 28, extends to the alley and the line between Lots 26 and 27 and covers that part of Lot 28 in the rear of the filling station. The walls are twelve feet above the ground, and the front of the filling station is in line with the front of the garage building.

The Standard Oil Company, prior to the construction of the garage building, owned two underground gasoline tanks on Lot 28, part of a filling station equipment. It leased the lot from defendants Hohn, and defendant Herman J. Hohn is the agent of the company in charge of the filling station. Thereafter and before Hohns commenced the construction of the garage building, the Standard Oil Company placed another tank underground, which is located on parts of Lots 27 and 28. Plaintiffs claim this tank was within twenty to twenty-two feet of their Lot 26, and for that reason in violation of Ordinance No. 35743, which prohibits the location of such a tank within less than twenty-five feet of another lot. There was no evidence tending to show that the tank in question was installed after April 9, 1927, the effective date of the ordinance, and there was no evidence tending to show that the Standard Oil Company was connected with either the construction of the building or the operation of the garage. Furthermore, there was no evidence tending to show deeds of trusts on Lots 27 and 28. It follows that the chancellor ruled correctly in finding for the defendants Standard Oil Company, Theo. Hemmelman, Jr., Charles Rippin and Richard C. Spackler.

I. Plaintiffs contend that the general zoning ordinance is not in violation of the due process clause of the State and Federal Constitutions.

We have ruled said ordinance valid in its general scope. [State ex rel. Cadillac Co. v. Christopher, 317 Mo. 1179, 298 S. W. 720; State ex rel. Kramer v. Schwartz, 336 Mo. 932, 82 S. W. (2d) 63.] But defendants contend that zoning concerns only the city and is governed solely by its charter, adopted under Section 20, Article IX, of the Constitution of Missouri. In other words, they contend that the General Assembly is without authority to legislate on zoning with reference to the city of St. Louis.

In ruling the validity of said ordinance we did not overlook the question. Zoning is not of purely municipal concern. It operates locally but is governmental and referable to the police power. In the Cadillac case, supra, l. c. 1192, we ruled as follows:

"By the Enabling Act heretofore referred to, the Legislature has said to St. Louis and other municipalities: You may divide the municipality into districts, and within such districts regulate and restrict the erection, construction, reconstruction, alteration, or use of buildings, structures, or land. Such regulations, however, shall

be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provisions of transportation, water, sewerage, schools, parks and other public requirements. [Secs. 2 and 3, Laws 1925, p. 308.] And this the ordinance under consideration purports to do. If its provisions may be regarded as a reasonably appropriate means of accomplishing the ends so specified, it is a valid exercise of the police power.''

And in State ex rel. Carpenter v. St. Louis, 318 Mo. 870, l. c. 893, 2 S. W. (2d) 713, we also ruled as follows:

''Beside the mere corporate functions of a city there are matters governmental in character, over which it exercises authority delegated to it, in the case of special charters by the Constitution, or by the Legislature in the case of cities organized under a general law. [Kansas City v. Oil Company, 140 Mo. l. c. 466-67.] But many such functions are of State concern, though local in their operation, and over them the State retains control.''

We adhere to our ruling that the Enabling Act, Article II, Chapter 38, Revised Statutes 1929, and the general zoning ordinance enacted under said act are valid exercises of the police power.

■ II. Plaintiffs next contend that Ordinance No. 36154, purporting to change Lots 27 and 28 from a ''multiple dwelling'' classification to a ''commercial'' classification is invalid and for that reason defendants Hohn were not authorized to construct the garage building.

It is admitted that Ordinance No. 36154 was enacted without notice and a hearing, as required by the Enabling Act and the general zoning ordinance. We have ruled that a general zoning ordinance would be invalid without hearings and findings of fact as a basis for its enactment. [State ex rel. Kramer v. Schwartz, 336 Mo. 932, l. c. 939, 940, 941, 82 S. W. (2d) 63.] Furthermore, the Enabling Act ''contemplates the same careful, serious, and intelligent consideration of an amendment to a zoning ordinance as is required in the preparation and enactment of an original ordinance on zoning.'' [Michigan-Lake Building Corp. v. Hamilton (Ill.), 172 N. E. 710, l. c. 714.] If so, the requirements of notice and a hearing are mandatory and necessary to the validity of an amending ordinance. ■ Of course, it is primarily the duty of the city to make the classifications. If a classification is reasonably doubtful, the judgment of the court will not be substituted for the judgment of the city. But there must be notice and a hearing in good faith on the merits and with reference to the public welfare.

Now in this case the section of the city involved is classified by the general zoning ordinance as a "multiple dwelling" district. The amending ordinance reclassified only the lots belonging to defendants Hohn as "commercial." There was no lawful basis for the reclassification, and the amendment was without reference to the public welfare. The record indicates the reclassification was made under influences antagonistic to said welfare and solely as a favor to defendants Hohn. The said amending ordinance is invalid not only for failure of notice and a hearing, but it is arbitrary and unreasonable under the Enabling Act, and for that reason invalid.

III. Plaintiffs next contend that they are not estopped to maintain this action.

There is no evidence tending to show that the conduct of plaintiffs influenced defendants Hohn to construct the building or operate the garage. There is evidence tending to show that plaintiff Charles F. Wippler, at the commencement of the construction, made inquiry of defendant Herman J. Hohn about the matter. He learned nothing from said defendant. Furthermore, there is evidence tending to show that plaintiffs frequently complained of the operation of the garage. It is idle for said defendants to argue that the conduct of plaintiffs misled them and caused the construction of the building and operation of the garage. [21 C. J., p. 1152; Blackford v. Const. Co., 132 Mo. App. 157, 112 S. W. 287; St. Louis Safe Deposit & Savings Bank v. Kennett Estate, 101 Mo. App. 370, 74 S. W. 474; Rhodes v. Moll Groc. Co., 95 S. W. (2d) 837, 1. c. 841.]

IV. There is no evidence tending to show the rental value of plaintiffs' property before and after the construction of the building and operation of the garage. In this situation plaintiffs are entitled to only nominal damages.

The judgment is reversed and the cause remanded with directions to enter judgment in conformity with this opinion, permanently enjoining the operation of the repair garage under the classification of the amending ordinance. We assume the city will enforce its general zoning ordinance and for that reason make no order with reference to the removal of the garage building.

All concur, except *Douglas, J.,* not sitting.