## Taylor et al. v. Barnes et al.

November 12, 1946.

Rehearing denied January 17, 1947.

Otto C. Martin and A. J. Bratcher for appellants.

Woodward, Dawson, Hobson & Fulton and A. D. Kirk for appellees.

Opinion of the Court by Van Sant, Commissioner —Affirming.

Appellants, four in number, jointly instituted this action, seeking a mandatory injunction to compel appellees to remove certain obstructions upon, and to reopen, a public road running through the property of appellees. The Chancellor refused to grant the relief, and dismissed the petition. The road in question runs in a southerly, then easterly, direction, commencing at a new county road which runs east and west, and ending at, and connecting with, the Riverside Robinson Mill Road, which pursues a north-south course. The new county road and the Riverside Robinson Mill Road intersect at right angles approximately two miles east of the obstructed road's intersection with the new highway. The road in question formerly led to a boat landing on Green River, but the boat landing long since has been abandoned. No church, school, store, mill, or other public place is located on the obstructed road, nor does it offer to the traveling public or appellants a more convenient route to such an institution or place of business; in fact, each of the appellants admits the new county road affords a much better and more convenient means of travel than does the road which has been closed. No witness testified to any fact from which the Court may conclude that either of the appellants has sustained special damage different either in degree or kind from that suffered by the public at large; indeed, no witness testified to any fact from which the Court may infer that the public at large has suffered any inconvenience, much less damage. Finally, it was shown that appellants own no property fronting on, or adjacent to, the closed road, and that the road itself afforded no necessary means of ingress or egress to or from any of their properties.

Appellants admit the above facts, but assert their right to maintain the action upon the theory that "when a street or public way has been dedicated and set apart for public use, no person has the right to obstruct any

part of it, and, if he does, any one owning property abutting on the street or way or *having the right to enjoy the use of the street or way* may bring an action against the person making the obstruction to require him to remove it." (Our emphasis.) The above quotation is from Clay et al. v. Trimble et al., 165 Ky. 697, 178 S. W. 1036, 1037. By merely reading the quoted words, it would seem that the decision in that case is in conflict with the cases hereinafter referred to; but a careful examination of the opinion will disclose that the plaintiff in the action was an adjacent property owner, and it was necessary for him to use the obstructed street as a means of ingress and egress to and from his home. The words emphasized in the above quotation, therefore, amount to mere dictum, and have no binding effect. As a matter of fact, the opinion, in so far as it recited the words emphasized, was criticised in Maxwell et al. v. Fayette Nat. Bank of Lexington, 186 Ky. 625, 217 S. W. 690. In that case the Court quoted from several other opinions, and cited many more, which clearly establish the rule recognized in this jurisdiction that an individual seeking relief against a public nuisance must show an injury distinct from that suffered by the general public. Of course, the owner of property adjacent to an obstructed road has an interest distinct from the public in general, and may obtain the relief herein sought; but one who is not an adjacent landowner, and can show no other special damage by reason of the obstruction, may not be granted an injunction requiring the obstruction to be removed. We will not burden this opinion with further citations. The reader may find many such in Maxwell v. Fayette Nat. Bank of Lexington, supra, which has been followed consistently in many other decisions. See Shepard's Kentucky Citations. It is apparent the Court did not err in dismissing appellant's petition.

Judgment affirmed.