## Polk v. Axton et al.

February 6, 1948.

Lawrence F. Speckman, Judge.

Wallis Downing and Davis W. Edwards for appellant.

Woodward, Dawson, Hobson & Fulton, Gilbert Burnett and Lawrence G. Duncan amicus curiae.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment enjoining the enforcement of an amendatory zoning ordinance of the City of Louisville which changed the use of a single lot owned by appellant, James G. Polk, from a 2-family residence use to a 4-family apartment use.

The lot in question fronts 100 feet on South Birchwood Avenue and has a depth of 175 feet. On the lot was an old dwelling which had been damaged by fire when appellant purchased it in January, 1946. Appellant, an experienced contractor and builder, began remodeling the old dwelling on the lot without securing the building permit required by the Building Code of the City of Louisville, and a "stop work order" sign was posted on the premises on March 16, 1946, when it was discovered that a 4-family apartment was contemplated. On March 21, 1946, the chief building inspector refused to issue a building permit because the lot was located in a 2-family residence zone and the proposed construction did not conform to existing zoning regulations. Mr. Polk then made application to the Board of Adjustment and Appeals for a variation from the requirements of the zoning ordinance so as to permit conversion of a residence in a 2-family district into a 4-family apartment. The application was denied on April 10, 1946. Thereafter appellant requested a rehearing which was denied by the Board on July 24, 1946. During all of this time he continued the construction work which was completed in October, 1946. After rejection by the Board of Adjustment and Appeals of his application for a variation, he went before the Board of Aldermen of the City of Louisville and requested the

passage of an ordinance so as to permit him to construct a 4-family apartment on his lot. The Board of Aldermen passed such an ordinance on October 8, 1946. The ordinance was vetoed by the Mayor, and was passed over his veto on October 22, 1946, by a vote of 9 to 3. The ordinance, which is Ordinance No. 180, Series 1946, is entitled: "An ordinance to change the zoning district map so that certain property in the City of Louisville now in the 'B' two-family district shall be in the 'C' apartment district."

Section 1 of the ordinance reads in part:

"That the zoning classification of the below described property, as shown on the District Map accompanying and made a part of Zoning Ordinance No. 194, Series 1931, as amended by Zoning Ordinance No. 25, Series 1945, be and the same is hereby changed from a 'B' Two-Family District to a 'C' Apartment District as shown by the plat hereto attached. Said property is in the City of Louisville and is described as follows:

" 'Beginning at a point on the east side of Birchwood Avenue 927 feet south of what formerly was the right-of-way of the Crescent Hill Street Railway; thence southwardly along the east side of Birchwood Avenue 100 feet and extending back eastwardly of that width throughout between lines at right angles to Birchwood Avenue 175 feet more or less to an alley.' "

The property described is appellant's lot. On October 24, 1946, five property owners who reside on South Birchwood Avenue in the same block in which appellant's lot is located brought this suit to have Ordinance No. 180, Series 1946, declared void, and to enjoin appellant from maintaining his premises as a 4-family apartment house and from renting the premises to more than two families. The chancellor held the ordinance void, and granted the injunction.

It is first argued by appellant that appellees failed to establish that irreparable injury will result to them or that they will suffer any damage distinct from that suffered by the general public, and therefore cannot maintain this action. The general rule is that a private individual cannot maintain an action to abate a public

nuisance by injunction unless he has sustained an injury special and peculiar to himself, York v. Chesapeake & O. Ry. Co., 240 Ky. 114, 41 S. W. 2d 668, Taylor v. Barnes, 303 Ky. 562, 198 S. W. 2d 297, but here the appellees have an interest in the continuance as a 2-family district of the zoned territory in which they reside and in the enforcement of the zoning restrictions. They are entitled to the benefits to be derived from the observance of the zoning regulations, and are proper parties in an action to prevent, by injunction, the impairment or destruction of those benefits by the violation of the regulations by another. Holzbauer v. Ritter, 184 Wis. 35, 198 N. W. 852; Snow v. Johnston, 197 Ga. 146, 28 S. W. 2d 270; Pritz v. Messer, 112 Ohio St. 628, 149 N. E. 30; Wilcox v. City of Pittsburgh, 3 Cir., 121 F. 2d 835; Welton v. Forty E. Oak Street Building Corporation, 7 Cir., 70 F. 2d 377, 381. In the Welton case property owners in a zoned district brought an action in which they sought a mandatory injunction to compel the reconstruction of a building to conform to the requirements of the zoning ordinance. The District Court denied the prayer for injunction on the ground that without a showing of special damage the individuals had no right to have the zoning ordinance enforced. The United States Circuit Court of Appeals for the Seventh Circuit reversed the judgment, and, in the course of the opinion said: "There can be no doubt but that appellants suffered a damage different from that suffered by the public. Their damage might well be called special, even though material financial loss was not involved." In O'Bryan v. Highland Apartment Co., 128 Ky. 282, 108 S. W. 257, 15 L. R. A., N. S., 419, this court held that a property owner may sue to enjoin the erection of a building in violation of the building regulations of a city.

Appellant next argues that Zoning Ordinance No. 25, Series 1945, which zoned a large area including the property on South Birchwood Avenue as a 2-family district, is invalid because no copy of the ordinance was ever recorded in the Jefferson County Clerk's office nor were any of the maps or data which were parts of the ordinance ever recorded in the Clerk's office as provided by KRS 100.051. The General Assembly, at its 1942 session, passed an act authorizing any city of the

first class and the county in which such city is located to enter into an agreement to regulate the physical development, including planning and zoning, of the incorporated or unincorporated areas under their respective jurisdictions, to adopt joint and comprehensive city and county zoning plans, and to create a joint city and county planning and zoning commission with the powers, duties and functions set forth in the act. Chapter 176, Acts 1942; KRS 100.010 to 100.098, inclusive. Subsection 4 of section 5 of the act, now KRS 100.051, provides: "Certified copies, including all maps, charts and descriptive matter, and all regulations and restrictions, composing said master plan, or part or parts thereof, adopted by said fiscal court or said legislative body, shall be filed in the office of the commission and filed and recorded in the office of the clerk of the county court of such county in a manner easily accessible to the public, and same shall be public records."

It is conceded that no copy of the ordinance, or maps or other material made a part of the ordinance, was ever filed in the Clerk's office, but appellees say that the master plan provided for by the statute has not yet been adopted by the city, and it is their contention that KRS 100.051 applies only to the master plan and amendments thereto. They further argue that Zoning Ordinance No. 25, Series 1945, merely amended Zoning Ordinance No. 194, Series 1931. It may be noted in passing that the enabling act in force when Ordinance No. 194, Series 1931, was adopted provided that "an attested copy of the plan or part thereof shall be certified to the County Clerk for record." Chapter 86, section 8, Acts 1930; Carroll's Kentucky Statutes, 1936 Edition, section 3037h-118. Appellees also contend that even if KRS 100.051 applies, its provisions are directory and not mandatory. In view of the particular facts of this case, it is unnecessary to consider these questions. Ordinance No. 25, Series 1945, was properly and validly enacted. Failure to file a copy in the County Clerk's office, conceding for present purposes that the provisions of KRS 100.051 apply, did not invalidate it. The sole purpose of the statutory requirement is to furnish to the public additional constructive notice of the zoning ordinance. Failure to comply with the statute would, at most, render the ordinance unenforceable

against one without notice. Here, the appellant received actual notice of the ordinance and its provisions when he applied for a building permit shortly after he commenced his construction work. His failure to receive notice sooner resulted from his violation of the Building Code of the city which requires the issuance of a building permit before construction work is commenced, and he cannot now complain because he incurred some expense before receiving notice.

Appellant finally insists that if the 1945 ordinance, No. 25, is valid, then Ordinance No. 180, Series 1946, has a substantial relation to the public health, morals, safety and general welfare and is a reasonable and valid exercise of the police power, while appellees say it is arbitrary, unreasonable and discriminatory and has no substantial relation to the public welfare. What is known as "spot zoning" is generally frowned upon by the courts. While the City Council has broad powers in respect to zoning, it is without authority to single out one lot in an amendatory ordinance and arbitrarily remove therefrom restrictions imposed upon the remaining portions of the same zoning district. There must be reasonable ground or basis for the discrimination. It is only where zoning ordinances are related in some way to the health, safety, morals and general welfare that they are valid. Selligman v. Von Allmen Bros., 297 Ky. 121, 179 S. W. 2d 207. It cannot be said that an ordinance such as Ordinance No. 180, Series 1946, which was passed in the interest of a single property owner, bears any substantial relation to the public welfare. Appellant's lot is located in a zoned district covering a large area. Adjoining it on South Birchwood Avenue is a lot having a frontage of 100 feet. The other lots in the zoned district vary in width from 35 to 80 feet. There has been no substantial change of conditions in the district warranting a change of classification of appellant's lot alone. In Leahy v. Inspector of Buildings, 308 Mass. 128, 31 N. E. 2d 436, 439, the Supreme Judicial Court of Massachusetts held void a spot zoning ordinance of the City of New Bedford. The ordinance changed a lot from a residence use to. a business use, but the principle stated is applicable here. The court said: "A city council is empowered to amend a zoning ordinance when the character and use of a dis-

trict or the surrounding territory have become so changed since the original ordinance was enacted that the public health, morals, safety and welfare would be promoted if a change were made in the boundaries or in the regulations prescribed for certain districts; but mere economic gain to the owner of a comparatively small area is not sufficient cause to invoke an exercise of this amending power for the benefit of such owner.''

And further: ''The effect of the amendment is to single out one lot located within what is essentially a residential district and impose restrictions upon this lot that are less onerous than those imposed upon the remaining portions of what is really the same zoning district.''

In Page v. City of Portland, 178 Or. 632, 165 P. 2d 280, 282, the court, in declaring a spot zoning ordinance invalid, said:

''Since the leading case of Village of Euclid, Ohio v. Ambler Realty Company, decided by the Supreme Court of the United States in 1926, reported in 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, the power of a municipality to enact reasonable zoning ordinances regulating the use of property is no longer questioned. Zoning is an exercise of the police power. It is fundamental that the various classifications of property as to their use must bear some substantial relation to the public welfare. 3 McQuillin Mun. Corp. (Rev.) sec. 1048; 43 C. J. 340, sec. 369. It is a power which cannot be invoked to further private interests which conflict with the rights of the public in general. When the two conflict, the interests of the individual are subordinate to public welfare. * * *.

''Clearly, a city has the power to amend a zoning ordinance from time to time, if there has been a substantial change of conditions and the amendment has some reasonable relation to the end sought to be attained, viz.: furtherance of the public interests. Village of Euclid v. Ambler Realty Co., supra; Miller v. Board of Public Works, 195 Cal. 477, 234 P. 381, 38 A. L. R. 1479; 138 A. L. R. 500 note. Police power must be exercised to promote the general welfare of the people at large, and not for the interests of any private group.''

To the same effect are Smith v. Board of Appeals of Salem, 313 Mass. 622, 48 N. E. 2d 620; Whittemore v. Building Inspector of Falmouth, 313 Mass. 248, 46 N. E. 2d 1016; Snow v. Johnston, 197 Ga. 146, 28 S. E. 2d 270, 279; Ellicott v. Mayor, Etc., 180 Md. 176, 23 A. 2d 649; Wippler v. Hohn, 341 Mo. 780, 110 S. W. 2d 409; Potts v. Board of Adjustment of Borough of Princeton, 133 N. J. L. 230, 43 A. 2d 850; see Annotation in 149 A. L. R. 292.

The chancellor correctly adjudged that Ordinance No. 180, Series 1946, is arbitrary and discriminatory and therefore invalid, and the judgment is affirmed.

Judge Knight not sitting.