FRED P. SCHELL and NELL C. SCHELL, Plaintiffs-Appellants, v. KANSAS CITY, MISSOURI, a Municipal Corporation, and J. E. TAYLOR, Attorney General of the State of Missouri, Defendants-Respondents, No. 41296—226 S. W. (2d) 718.

Division One, February 13, 1950.

*Duvaul P. Strother* for appellants.

28

*David M. Proctor,* City Counselor, and *Guy W. Rice,* Assistant City Counselor, for respondents.

HYDE, J.—Declaratory judgment action to declare unconstitutional and void an amendment to the Zoning Ordinance of Kansas City, by which certain property was rezoned from business to residential use. Plaintiffs contend this amendment is arbitrary and unreasonable spot zoning. The trial court held the amendment valid and plaintiffs appealed. :

Plaintiffs bought their property in this rezoned area, in 1907, when it was outside the city limits. It is at the northwest corner of the intersection of 63rd Street and Swope Parkway, fronting 150 feet on each street, across the intersection from the northwest corner of Swope Park. Plaintiffs built a residence on the north 50 feet, fronting on Swope Parkway. The rest of the land, fronting 100 feet on Swope Parkway and 150 feet on 63rd Street has remained vacant. The City limits were extended to include it in 1909 and the first Zoning Ordinance of Kansas City was adopted in 1923. It zoned both sides of 63rd Street for retail business from Swope Parkway west to Wornall Road, more than 35 blocks away. Plaintiffs stated that they had always held the property for business use. 63rd Street has recently been designated as a trafficway and there is now a bus line on it which connects with a streetcar line on Swope Parkway.

Previously both sides of 63rd Street, between Prospect and Indiana (about six blocks), had been rezoned from retail business to residential. The present challenged rezoning covers an area on both sides of 63rd Street to a line 125 feet north of and parallel to the north line of 63rd Street and 125 feet south of and parallel to the south line of 63rd Street, and from the center line of Swope Parkway to a line 150 feet west of and parallel to the west line of Indiana Avenue, which is on the west side of the block in which plaintiffs' property is located. The area rezoned has a total of 2,736 front feet on both sides of 63rd Street; that is 1,368 feet fronting on each side of the street. On the north side, between Indiana and Swope Park-

way (which is much larger than the average block) there are four residences; the remainder is vacant. On the south side there is a church (on the southwest corner of the intersection of 63rd Street and Swope Parkway) and the rest is part of the playground and athletic field of Southeast High School. (There is some indication in the record that a girl's home owns some property next to the church but it has no building on 63rd Street.) In that part of the area rezoned west of Indiana, on both sides of 63rd Street for a distance of 150 feet, there are two residences, both of which are on the south side of 63rd Street. The north side is vacant. Thus, in the entire area rezoned there is a church, school playground, and six residences. The nearest business was located at 60th and Swope Parkway and the next nearest was at 67th and Swope Parkway. Plaintiffs had evidence to show that the value of their land would be considerably less for residence purposes than for retail business.

Plaintiffs rely on Wippler v. Hohn, 341 Mo. 780, 110 S. W. (2d) 409; Mueller v. Hoffmeister Undertaking & Livery Co., 343 Mo. 430, 121 S. W. (2d) 775; Women's Kansas City St. Andrew's Society v. Kansas City (8th CCA) 58 Fed. (2d) 593. In the Wippler and Mueller cases we held that a reclassification of a small area for purely individual advantage which had no lawful basis of some reasonable reference to public health, safety, morals or general welfare was arbitrary and unreasonable. The St. Andrew's Society case held that a restriction of a use was arbitrary and unreasonable where public welfare could not in any way receive benefits from such restriction. However, the rule is that, if the question as to whether or not the legislation is unreasonable or arbitrary or an unequal exercise of power is fairly debatable, the legislation must be upheld as valid. Zahn v. Board of Public Works, 274 U. S. 325, 47 S. Ct. 594, 71 L. Ed. 1074; See also Marblehead Land Co. v. Los Angeles (9th USCA) 47 Fed. (2d) 528 certiorari denied, 284 U. S. 634, 52 S. Ct. 18, 76 L. Ed. 540; Geneva Investment Co. (8th USCA) 87 Fed. (2d) 83; 58 Am. Jur. 954-955, Sec.'s. 21-22; Mueller v. Hoffmeister Undertaking & Livery Co., supra, 121 S. W. (2d) 1. c. 777. In this case, the amendment made the property fronting on 63rd Street in this block (and that west of the intersection with Indiana) conform to the rest of the district which was residential for many blocks each way. Moreover, plaintiffs' property had remained vacant for more than 40 years and, even though in an area zoned for business for 25 years, no business had ever been established in the area rezoned. Furthermore, there seems to be a reasonable basis for finding that keeping this part of the area zoned for business retarded residential development in this section adjoining Southeast High School and Kansas City's large and beautiful Swope Park. Considering all

these factors, we must hold that the challenged amending ordinance was not arbitrary and unreasonable but that on the contrary it did have a reasonable relation to the public health, safety and welfare.

■ ■ Plaintiffs further state that the Zoning Act (Sec's. 7412 et seq., R. S. 1939, Mo. R. S. A.) requires the same careful consideration and proceeding for an amendment to a zoning ordinance as is required in the preparation and enactment of the original zoning ordinance. We have so held in Wippler v. Hohn, supra, 110 S. W. (2d), l. c. 411; See also State ex rel. Kramer v. Schwartz, 336 Mo. 932, 82 S. W. (2d) 63. Plaintiffs contend that "the City Plan Commission and the City Council have merely gone through a formality of complying with the Enabling Act"; and that "the City Plan Commission has made no report to the city council." The record (offered by plaintiffs) shows that there was a hearing before the City Plan Commission, which plaintiffs and their attorney attended, as well as six residents of the neighborhood who favored the amendment, and that the Commission recommended approval of this change. We see no reason why such a recommendation should not be considered a report. Plaintiffs' evidence also showed that the General Committee of the City Council "had several hearings on it and gave the property owners an opportunity to be fully heard." Thus the charge of merely going through a formality of compliance does not seem to be sustained by plaintiffs' own evidence.

Furthermore, the challenged ordinance (also offered by plaintiffs) recites "this ordinance was referred by the Council to the City Plan Commission as provided in said zoning ordinance, which commission after due public notice and hearing as provided in said ordinance, submitted a report to the Council recommending the changes in zoning therein provided; and the Council further finds and declares that the due public notice and hearing required by said Zoning Ordinance has been given and had." Plaintiffs' evidence does not show these recitals as to notice and hearing were not true. Plaintiffs do say "this ordinance was originated by the Staff of the City Plan Commission and was, by the Commission sent to the Council, and was not, as set out in the ordinance sent by the Council to the City Plan Commission." Even if this recital is inaccurate, plaintiffs do not show that the procedure followed did not comply with zoning ordinance requirements, which does authorize the City Plan Commission "of its own initiative, after due public notice and hearing, at which parties in interest and citizens may have an opportunity to be heard, cause to be prepared and introduced in the city council, an ordinance recommending the altering or changing of the use, height or area restrictions." (Sec. 58-43, Chap. 58, Zoning Ordinance of Kansas City.) The important steps are notice, public hearing and favorable

recommendation, all of which is shown by plaintiffs' evidence. We, therefore, hold that the amending ordinance was valid.

The judgment is affirmed. All concur.