**CITY OF LOUISVILLE et al.**

v.

**PURITAN APARTMENT HOTEL CO. et al.**

Court of Appeals of Kentucky.

Feb. 12, 1954.

Gilbert Burnett, Henry J. Burt, Jr., Irvin Marcus, Henri L. Mangeot, Louisville, for appellants.

Jos. J. Kaplan, Ben F. Washer, H. G. Handmaker, Louisville, for appellees.

COMBS, Justice.

Separate actions were instituted by the Puritan Apartment Hotel Company and the Cavalier Apartment Company, appellees, against the City of Louisville and certain property owners. The issues are the same in both cases and the appeals have been considered together.

Appellees charged that ordinances 260 and 261, series 1951 of the City of Louisville, which rezoned two lots on the northeast corner of Fourth and Ormsby Streets, and another lot on the southeast corner of the same intersection are unreasonable, arbitrary and void.

The lower court held the ordinances void on the ground they are unreasonable and unrelated to public health, safety, morals or general welfare. The City of Louisville and the property owners have appealed.

On June 11, 1951, Steiden Stores, Inc. offered in writing to purchase from the St. Catherine's Convent of Sisters of Mercy, one of the appellees, two lots on the northeast corner of Fourth and Ormsby Streets, provided the property could be rezoned from its then apartment house classification to a commercial classification which would permit the erection of a grocery store. This offer was accepted. Of the two lots involved in this transaction one is vacant and on the other is a very old rooming house in a bad state of repair.

The owners of the lot on the southeast corner of Fourth and Ormsby Streets also sought to have their lot rezoned. So two ordinances were introduced before the Board of Aldermen of the City of Louisville to change the classification of the three lots from "D-Apartment" to "E-Commercial." After public hearings on the ordinances they were referred to the Zoning Commission of the City. It recommended that the ordinances not be passed. But the Board of Aldermen, the legislative body of the City, enacted the ordinances.

It is shown that during the past 25 or 30 years the character of the area surrounding the lots has changed from a neighborhood of large single family residences to a district consisting largely of apartment buildings. It is also shown that the neighborhood has continued to change so that several types of commercial activity are carried on in the immediate area. A number of commercial activities also are carried on within the apartment zone itself, but these existed at the time the property was first zoned. There is a commercial district on Third Street between Ormsby and Oak Streets, separated from the property in question only by an alley. A half block north of these lots is a district zoned "J (light) Industrial." So these lots are in close proximity with other commercial and industrial districts. On these facts the lower court held the ordinances void.

■ On July 2, 1953, after entry of the judgment in circuit court, the Board of Aldermen passed another ordinance permitting office buildings to be built within "D-Apartment" zones. The lots in question are within this area. Appellees have moved to dismiss this appeal on the ground the last ordinance repealed the two previous ordinances affecting this property, thereby making the appeal moot.

The motion must be overruled. The last ordinance permitting the erection of office buildings in the area in question in nowise repeals the zoning ordinances. Its only effect is to enlarge the scope of the "D-Apartment" zone to include office buildings. This is not a change in the zoning classification, only an enlargement of its scope.

■ We consider now the validity of the ordinances. The legislative body of the City has the duty to determine whether or not conditions warrant a particular

zoning ordinance, and its determination on the subject will not be disturbed unless its action is arbitrary, or an irrational exercise of power, having no relation to the public health, morals, safety or general welfare. Fowler v. Obier, 224 Ky. 742, 7 S.W.2d 219.

■ In this case the Board of Aldermen, the legislative body of the City, is the final arbiter on the advisability of a particular zoning ordinance. Schloemer v. City of Louisville, 298 Ky. 286, 182 S.W. 2d 782. The Louisville Zoning Commission is merely advisory to the Board of Aldermen.

■ The law raises a presumption in favor of the validity of the ordinance and the burden is on the person attacking it to show its invalidity. Should reasonable minds differ as to whether the ordinance has a substantial relation to the public health, morals, safety or general welfare, the ordinance must stand as a valid exercise of police power. Schloemer v. City of Louisville, cited above; City of Dallas v. Lively, Tex.Civ.App., 161 S.W.2d 895.

■ The trial judge, in holding the ordinances to be invalid, based his decision on Polk v. Axton, 306 Ky. 498, 208 S.W.2d 497. In that case the zoning ordinance changed the use of a single lot from a two-family residence use to a four-family apartment use. The court found there had been no substantial change of conditions in the district warranting a reclassification of the lot. In the present case there is substantial evidence showing a trend toward a commercial district. Industrial and commercial districts exist immediately adjacent to this area. There is testimony that the business and industrial core of the City has expanded until it has reached this area. The Ohio River limits expansion to the north so the commercial district necessarily has grown in this direction.

Even though the particular property owners will be benefitted by the change in classification, we cannot say the ordinances are so unreasonable, arbitrary, or irrational as to be void. The proof has failed to overcome the presumption of validity in their favor.

■ Zoning regulations ordinarily are matters of purely local concern and the courts should not interfere except in those extreme cases where there clearly has been an abuse of authority.

The judgment is reversed.