Mr. and Mrs. Elmer AYLOR et al., Appellants,

v.

The SUN OIL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 20, 1970.

Rehearing Denied May 22, 1970.

Martin W. Mitchell, Covington, for appellants.

Robert E. Ruberg, O'Hara, Ruberg & Cetrulo, Covington, for appellee, Sun Oil Co.

Charles P. Wagner, Covington, for appellee, City of Covington.

CLAY, Commissioner.

This is essentially a "spot" zoning case. The Kenton County and Municipal Planning and Zoning Commission denied the application for a zone change. The Board of Commissioners of the City of Covington overruled the Planning and Zoning Commission (as it had a right to do) and authorized the change. This suit was brought to have the ordinance declared void on the ground that it was arbitrary and to obtain injunctive relief. The Chancellor upheld the city commission. On appeal appellants' only contention is that the action taken was arbitrary because it picked out an isolated area and made a zoning change which was unrelated to proper *planning*.

The general area involved lies on Fifth Street, which runs generally east and west, in the City of Covington. Going east from a north-south railroad track and embankment there is a three-block area on both sides of Fifth Street which under a Comprehensive Plan adopted in July 1967 was classified R–5 Residential. The property involved is a tract 138 feet by 131 feet at the southeast corner of Fifth and Craig Streets. This is roughly in the middle of the R–5 area. Apparently it is an excellent filling station site. It was rezoned C–2 Commercial.

Directly across Craig Street to the west is a filling station, which exists there as a nonconforming use.[1] A block west of the area in controversy are "three extremely ill-kept tenement-type residences and vacant ill-kept land". To the west, on the other side of Fifth Street, is an area where there is a large car-wash establishment and truck and trailer storage, farther to the west, on the other side of the railroad embankment, is property of a commercial character. The lots across Fifth Street on the north side apparently are used for a proper R–5 Residential purpose.

In conformity with, and in the words of KRS 100.213, the city commission found:

"* * * that the original zoning classification given to the property was inappropriate and that major changes of an economic, physical and social nature within the area involved have occurred and such changes have substantially altered the basic character of the area."

As we read this record, there was no showing (except an increase in traffic on Fifth Street) that any major changes had taken place in the area since the original plan was adopted. Assuming there were however, and assuming the original zoning classification of this property was inappropriate, the sole contention in this case is that the zoning authorities cannot reasonably undertake an amendment to the zoning plan by picking out an isolated spot in the area to make the change. In the absence of special circumstances, such special treatment of a relatively small tract has

1. In July 1967 an attempt was made to rezone this tract C–2 Commercial, but the judgment in the present case declared this rezoning invalid.

nothing to do with zone *planning* and on its face appears arbitrary. We so observed in Byrn v. Beechwood Village, Ky., 253 S. W.2d 395 (1952).

Other cases in which spot zoning has been condemned are Polk v. Axton, 306 Ky. 498, 208 S.W.2d 497 (1948); Parker v. Rash, 314 Ky. 609, 236 S.W.2d 687 (1951); Mathis v. Hannan, Ky., 306 S.W.2d 278 (1957); and Fritts v. City of Ashland, Ky., 348 S.W.2d 712 (1961). In the Fritts case we expressed the hope that zoning authorities would recognize that "an essential feature of zoning is planning".[2]

The reasons why spot zoning is generally condemned are set forth in the foregoing cases. In the absence of special circumstances, the selection of a small tract for special use, after a comprehensive plan has been adopted, simply does not reasonably fit with the plan. It constitutes an exception favoring a particular property owner or owners. It is in the nature of special legislation, having no relationship to the general welfare.

The stipulation of the parties indicates that the general area to the west of the tract involved has shifted or is shifting from strictly residential to commercial uses. It may be that the zoning authorities would be justified in changing the use classification in that area but we are not confronted with a rezoning plan. Except for its fortuitous location on a corner, the tract involved is not distinguishable from the property next door. The hopscotch method adopted does not comport with sound zoning principles, is not shown to have any independent justification, and is obviously arbitrary. The presumption in favor of the validity of a zoning ordinance cannot prevail when we have, as here, a clear case of spot zoning which bears no reasonable relationship to the zoning plan or a proper zoning purpose.

The judgment is reversed to the extent that it upholds the zoning ordinance No. 0–47–68, enacted August 8, 1968.

All concur.

2. See Tarlock, Kentucky Planning and Land Use, 56 K.L.J. 594 (1967–68).