STATE of Missouri ex rel. HOLIDAY PARK, INC., a Corporation, et al., Respondents,

v.

CITY OF COLUMBIA, Missouri, a Municipal Corporation, Richard Knipp, et al., Appellants,

Newman & Holz, Inc., Intervenor-Appellant.

No. 56204.

Supreme Court of Missouri, Division No. 2.

April 10, 1972.

Motion for Rehearing or to Transfer to Court en Banc Denied May 8, 1972.

Ronald E. Smull, William Brandecker, Columbia, for respondent, Holiday Park, Inc.

James H. Coonce, City Counselor, Columbia, for appellants.

David B. Rogers, Smith, Lewis & Rogers, Columbia, for intervenor-appellant, Newman & Holz, Inc.

DONNELLY, Judge.

This case involves an attempt by the City of Columbia at "interim zoning" (see Comment, 18 Syracuse Law Review 837; and Annotation, 30 A.L.R.3d 1196), by inclusion in its zoning ordinance of the following provisions:

"(D) All territory which may hereafter be annexed to the City of Columbia shall automatically be placed in Zoning District A–1, for a period of not more than six (6) months, with the following exceptions:

(1) Real estate either used for, or shown on a recorded plat as to be used for, any use other than that allowed in the A–1 District, shall automatically be classified in the most restricted district allowing the existing or intended use.

(2) Real estate having deed restrictions as to the use of the property shall automatically be classified in the most restricted district allowing the use indicated by the deed restrictions.

(E) During the six (6) month period, the Planning and Zoning Commission shall proceed to recommend permanent zoning to the Council in the manner prescribed by law, within three (3) months, and the Council shall act on the recommendations in the normal manner in the remaining three months, causing permanent zoning districts to be created and having the official map changed to incorporate the permanent district lines."

In May, 1969, four men decided to purchase a 40-acre tract of land, located outside the corporate limits of Columbia, for development of a trailer park. One of the men took title to the tract of land on September 24, 1969. On September 29, 1969, articles of incorporation were issued to Holiday Park, Inc. On October 7, 1969, an election to extend the corporate limits of Columbia was held, and a proposal to annex the tract, and other land, was approved by the electorate. On October 11, 1969, the tract was conveyed to Holiday Park, Inc.

Holiday Park, Inc. then requested approval of its plan for a trailer park. The City Council refused to adopt an ordinance which would have approved the plan. The Director of Public Works refused to issue a building permit.

Holiday Park, Inc. filed suit in the Circuit Court of Boone County, and, after hearing the case on its merits, the trial court entered its peremptory writs in mandamus ordering the City Council to adopt an ordinance approving the plan for the trailer park and ordering the Director of Public Works to issue a building permit. This appeal followed.

In State ex rel. Kramer v. Schwartz, 336 Mo. 932, 939–942, 82 S.W.2d 63, 66–68 (1935), this Court said:

"We think it clear upon elementary principles that the Enabling Act of 1925 [V.A. M.S. §§ 89.010–89.140], properly interpreted, must be treated as the measure of the power of Jefferson City to pass a valid zoning ordinance. The Enabling Act is a grant of a portion of the state's police power, and the extent of the powers granted as well as the manner of their exercise must conform to the terms of the grant.

\*  \*  \*  \*  \*  \*

"We are of the opinion that the provision of the Enabling Act of 1925 requiring that the municipal legislative body 'shall not hold its public hearings or take action until it has received the final report of the zoning or plan commission,' must be held to mean that the municipal legislative body cannot pass a valid zoning ordinance, such as is authorized by the act, until it has received the final report of the zoning or plan commission and held a public hearing thereon, as prescribed by the act. Furthermore, we are constrained to hold that the provisions of the Enabling Act requiring the local legislative body to provide for the appointment of a 'Board of Adjustment' to consist of five members who shall be freeholders with authority to review the orders and decisions of administrative officials substantially in the manner and to

the extent specified in the act, is a mandatory provision of the act. In our view, both of the provisions of the Enabling Act just mentioned are material and substantial requirements intended to safeguard the property owner, the public, and the municipality against injustice, error, and precipitate or ill-advised action by local legislative bodies or administrative officers, are mandatory in character, and that compliance with these requirements is essential to the validity of any zoning ordinance, whether denominated 'interim' or permanent, passed under the authority of the act.

\*   \*   \*   \*   \*   \*

"It is urged by appellant that this 'Interim Ordinance' was merely intended as a temporary or emergency measure to preserve the status quo of conditions until a permanent ordinance could be passed after the zoning commission has completed its investigation and secured the data and information to be used as a basis of a report to the city council looking to the enactment of a permanent zoning ordinance. It is said that if property owners are allowed to change conditions while the survey and investigation of the zoning commission is in progress, and before it is completed, that the purposes of the permanent zoning ordinance might be to some extent defeated or rendered ineffectual. These contentions carry the implicit assumption that, in the case of a temporary or emergency ordinance, the clearly expressed and mandatory provisions of the Enabling Act may be disregarded or relaxed to meet what is said to be the practical exigencies of the situation. In our opinion, all ordinances passed pursuant to the provisions of the Enabling Act of 1925 creating zoned districts and regulating the use of buildings, structures, or land within the districts so created, must be regarded as zoning ordinances. All such ordinances, whether called 'Interim,' temporary, or permanent, must comply with the substantial and mandatory provisions of the Enabling Act. The Enabling Act of 1925 must be construed and applied by this court like any other statute conferring police powers upon a municipality, and its

clearly expressed and mandatory provisions cannot properly be abrogated, ignored, or relaxed to meet the real or supposed practical needs of the municipality or its inhabitants. If the clearly expressed and mandatory provisions of the statute are too rigid or stringent to meet the practical needs of the municipality or its people, the defects should be remedied by the Legislature, and cannot be cured by the courts."

In State ex rel. Sims v. Eckhardt, Mo. Sup., 322 S.W.2d 903, at 907 (1959), this Court said:

"The statutory requirements placed upon the zoning commission and the municipal legislative body by § 89.070 (we do not repeat them here) are conditions to the exercise of the powers conferred by §§ 89.010 to 89.140, to secure careful, serious and intelligent consideration in the preparation of a comprehensive zoning ordinance for the stated purposes of the law (§§ 89.020, 89.040), and to protect property owners and others from arbitrary and unreasonable regulations, restrictions and district boundaries. Taylor v. Schlemmer, 353 Mo. 687, 183 S.W.2d 913, 914 [4]; Schell v. Kansas City, 360 Mo. 27, 226 S.W.2d 718, 720. The statutes contemplate that zoning regulations, restrictions and districts be well planned, and that they be of a more or less permanent nature and subject to change only to meet genuine changes in conditions. Kracke v. Weinberg, 197 Md. 339, 79 A.2d 387 [6].

"The term 'original districts' in the first sentence of § 89.070 logically refers to the establishment of districts for zoning purposes in any area not previously zoned by a city; and the Legislature, by the other provisions of § 89.070, has established definite limitations on cities for the exercise of the delegated powers to establish original zoning districts and restrictions within the city, and the reasons therefor are equally applicable to the establishment of zoning districts and restrictions in newly annexed territory."

We believe the practical effect of V.A. M.S. §§ 89.010 to 89.140, as construed by

*Kramer* and *Sims*, supra, is that "interim zoning" in an annexation situation, as here, was not authorized in Missouri when attempted in this case. (Cf. V.A.M.S. §§ 89.144 and 89.145.) We hold that Subsections (D) and (E) of the zoning ordinance, supra, are of no legal effect; and that the tract of land in question, if legally annexed (see Seibert v. City of Columbia, Mo.Sup., 461 S.W.2d 808), came into the City of Columbia as unzoned land (Cf. Ben Lomond, Inc. v. City of Idaho Falls, 92 Idaho 595, 448 P.2d 209). The land being unzoned, the trial court did not err in entering its peremptory writs in mandamus.

We express no opinion as to the effect V.A.M.S.Const. art. 6, § 19(a), adopted at special election October 5, 1971, will have on the viability of the holding in this case.

The judgment is affirmed.

All of the Judges concur.