Jon R. PLAAS et al., Respondents,

v.

George W. LEHR et al., Defendants,

and

Norwood Development Co., Inc., Appellant.

No. KCD 27546.

Missouri Court of Appeals, Kansas City District.

July 6, 1976.

Richard A. King, Constance, Slayton, Stewart & King, Independence, of counsel, for appellant.

Burrus & Gough, Rufus Burrus, Independence, Bernard Craig, Levy & Craig, Kansas City, for respondents.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

This case involves an attempt by the appellant (hereafter Norwood) to obtain rezoning of a tract of land consisting of approximately 150 acres located at the southwest corner of the intersection of Colborn and Howard roads in an unincorporated portion of Jackson County, Missouri. The application was sought under the provisions of the Zoning Order of Jackson County, Missouri, adopted June 20, 1960, before the effective date of the present form of Charter government in the county. The land in question was zoned as a District D (agricultural), and Norwood sought rezoning of various portions thereof to Districts A (first dwelling house-single family dwelling), B (second dwelling-duplexes), C (multiple house-apartments), and F (general business).

Under the Zoning Order, an initial hearing on Norwood's application was had before the Jackson County Planning Commission on October 26, 1972, and that body made its unanimous finding and recommendation that the entire tract be rezoned for District A (first house-single family) use. Norwood filed its petition for review to the Jackson County Court, sitting as the Board of Zoning Adjustment, where the matter was considered on December 7, 1972, which body granted the rezoning of the various tracts to Districts A, B and C, but denied the requested rezoning to District F (general business). Thereupon, the respondents (hereafter objectors) sought and obtained review in the Circuit Court of Jackson County, Missouri where the matter was presented on August 7, 1974, and that court did on August 15, 1974 reverse the decision of the former Jackson County Court for the reason that its order granting rezoning "is

unsupported by competent and substantial evidence upon the whole record and is arbitrary and capricious." From this judgment, Norwood appeals to this court.

Norwood seeks reversal of the judgment below upon two grounds. *First,* it asserts that the court below improperly substituted its judgment for that of the County Court; and *second,* that the proceedings before the County Court show that its rezoning decision was supported by competent and substantial evidence and was not arbitrary and capricious. Norwood's Points Relied On in its brief fall far short of even a token compliance with Rule 84.04(d), Rules of Civil Procedure, providing that appellant "concisely" state "what actions or rulings" of the court below "are sought to be reviewed and wherein and why they are claimed to be erroneous, * * *." Dismissal of this appeal would be warranted for this reason. However, because of the importance of this proceeding to the proper and orderly development of this area of Jackson County and the present and future effect of final action herein upon the present and future living conditions of residents, the drastic action of dismissal will not be followed.

Looking first to the basic purpose of the zoning laws and procedures here involved:

In 1959, the Legislature adopted statutes authorizing county courts in counties of the first class not having charter forms of government to adopt comprehensive zoning plans. Chapter 64, RSMo 1969. The avowed purpose of this authority was to promote the health, safety, morals, comfort or general welfare; to conserve and protect property and building values; to secure the most economical use of the land; and, to facilitate the adequate provision of public improvements in accordance with a comprehensive plan. Section 64.090(1), RSMo 1969; preamble to Zoning Order of 1960, Jackson County, Missouri.

■ Even before such legislation and the adoption of such Zoning Order, zoning procedures were directed toward those very purposes. *State ex rel. Cooper v. Cowan,* 307 S.W.2d 676, 679[5] (Mo.App.1957), and cases cited therein. Zoning legislation and

amendments thereto, and rezoning orders, must bear substantial relation to the furtherance of these purposes. *State ex rel. Christopher v. Matthews,* 362 Mo. 242, 240 S.W.2d 934, 937–938[3, 4] (1951); *Strandberg v. Kansas City,* 415 S.W.2d 737, 745[13] (Mo. banc 1967); *Schell v. Kansas City,* 360 Mo. 27, 226 S.W.2d 718, 720[3] (1950); *Wippler v. Hohn,* 341 Mo. 780, 110 S.W.2d 409, 411[8] (1937).

■ The scope of judicial review in zoning matters is limited. Upon proper presentation of the questions, the reviewing court may determine, among other things, whether the action of the county zoning authorities was "unsupported by competent and substantial evidence upon the whole record" or "is arbitrary or capricious". Article V, Section 22, Constitution of Missouri; Section 536.140 RSMo 1969; Rule 100.07, Missouri Rules of Civil Procedure; *State ex rel. Cooper v. Cowan,* supra, at l.c. 679[3]; *Rosedale-Skinker Improvement Assn. v. Board of Adjustment,* 425 S.W.2d 929, 936[8] (Mo. banc 1968) and cases cited therein. A reviewing court may not, however, substitute its judgment for that of the zoning authority. *Kansas City v. Rooney,* 363 Mo. 902, 254 S.W.2d 626, 627–628[2, 3] (banc 1953).

■ Implicit in this whole concept of comprehensive zoning is the principle that one seeking a change or a *re* zoning for the use of land must bear the burden of presenting *competent* and *substantial* evidence of a public as well as a private need therefor. General welfare considerations cannot be disregarded.

The record of the hearing of October 26, 1972 before the Jackson County Planning Commission; of December 7, 1972 before the Jackson County Court, sitting as the Board of Zoning Adjustment; of August 7, 1974 before the Circuit Court; and, all exhibits introduced into the records are lodged with this court. Each has been carefully reviewed, as have the briefs of the parties, and the conclusion is inevitable that Norwood failed to meet its burden and that the judgment of the court below reversing the

order of the Jackson County Court should be affirmed.

A detailed review of this record would serve no useful purpose. It is sufficient to summarize what was offered in support of the rezoning application.

The only testimony under oath which appears to have been offered before the Planning Commission was that of Mr. Don Johnson, who described himself as a "certified engineering technician" associated with the firm of Hugh B. King and Associates, professional engineers, and who testified as to operation of the originally proposed (then abandoned for a septic tank system) sewage treatment facility in connection with the development. Although the president of Norwood was present, he did not testify. Also, a plat was offered of the land sought to be rezoned. Neither Johnson's testimony nor the plat constituted "competent and substantial" evidence that the rezoning sought would fall within the purpose of the zoning concept above discussed.

The transcript of the Planning Commission hearing was before the County Court, in its review proceedings, and before the Circuit Court, but no further testimony was offered by Norwood.

 Mr. Richard Epstein, the attorney for Norwood, made somewhat detailed statements to both the Planning Commission and the County Court. The record is not clear as to whether or not Epstein was sworn as a witness before the Commission, but it is clear that he was not sworn as a witness before the County Court. He was not shown to be a qualified expert in any field relevant to the rezoning application, and he openly stated to these tribunals that his presentation was in the nature of a "summation". No proposed covenants or restrictions as to the housing and business development reflecting detail as to size of lots, structures, etc. were introduced by Norwood at any level of these proceedings. Only the statements of Counsel Epstein bear upon the vital areas for zoning considerations. It cannot be challenged that the unsworn statements of counsel, or even the sworn statements in areas of expertise for

which expert qualifications are not shown, cannot be considered as "competent and substantial" evidence of the facts covered. *State ex rel. Horn v. Randall,* 275 S.W.2d 758, 763–764[7–9] (Mo.App.1955); *State ex rel. Cooper v. Cowan,* supra, at l.c. 677[1].

On the contrary, the opponents to the Norwood rezoning application produced an abundance of sworn testimony (with emphasis upon the impracticability and health hazard incident to the proposed septic tank sewage disposal) that the purposes of the zoning laws would not be served by Norwood's proposal.

The action of the Jackson County Court, sitting as the Board of Zoning Adjustment, rezoning the property involved, was not supported by competent and substantial evidence and was arbitrary and capricious, and the judgment of the court below, setting aside the rezoning order of December 7, 1972, is, therefore, affirmed.

All concur.