STATE ex rel. WALMAR INVESTMENT COMPANY, a Corporation, Relator, Appellant,

v.

Harris ARMSTRONG et al., Respondents.

No. 34272.

Missouri Court of Appeals, St. Louis District.

Feb. 23, 1972.

Ziercher, Tzinberg, Human & Michenfelder, Robert C. Jones, Clayton, for appellant.

George F. Gunn, Jr., County Counselor, Thomas W. Wehrle, Deputy County Counselor, Andrew J. Minardi, Asst. County Counselor, Clayton, for respondents.

SIMEONE, Judge.

Appeal from the Circuit Court of St. Louis County from an order sustaining the return to a writ of certiorari filed by relator (hereinafter Walmar) which in effect upheld the decision of the defendants, members of the Board of Building Appeals, (hereinafter Board), of said County.

Walmar instituted suit on July 21, 1965 in the circuit court by filing a petition requesting the court to issue a writ of certiorari directed to the members of the Board seeking to require the Board to certify a true and complete record of the proceedings so that the court might pass judgment on the legality of the action of the Board in entering an order on June 22, 1965.

Walmar's petition for a writ of certiorari stated that on April 6, 1965, it had filed petitions for appeal before the Board requesting occupancy permits for three buildings on Lot 23 of a subdivision in St. Louis County known as Inverness; that after hearing on the appeals and on June 22, 1965, the Board ruled that:

"1. The northernmost building on Lot 23 of Inverness be razed no later than ninety (90) days from this date of notification.

"2. The southernmost building on Lot 23 of Inverness may remain for a period of three (3) years with the provision that it is maintained in good condition and a screen be built.

"3. The center building on Lot 23 of Inverness may remain indefinitely."

The relator prayed that the court issue a writ of certiorari requiring the Board to certify the record so that the court may pass judgment on the legality of the action of the Board.

After the petition for certiorari was filed, and on July 29, 1965, the writ issued commanding the members of the Board to return and certify to the circuit court a "true, full and complete" copy of their record and all acts and proceedings in the matter so that the action of the Board may be reviewed by the court.

Some two years later, on December 7, 1967, the Board filed its Return to Writ of Certiorari and attached thereto were nineteen "Return Materials." Walmar filed a reply to the return in which it challenged items 1 through 13 of the "Return Materials" on the ground they were immaterial, incompetent and irrelevant in that they were all items which preceded Walmar's appeal filed April 6, 1965. Further, Walmar's reply challenged items 14, 15, 16, 17, 18 and 19 of the "Return Materials" because they did not support the action of the Board in entering its order of June 22, 1965.

After the matter was submitted, the court below entered its order sustaining the return of the Board and affirmed the order of the Board.

The main point relied on by Walmar is that the court erred in sustaining the return and affirming the order of the Board because the members of the Board exceeded their jurisdiction in failing to keep a proper record required by an ordinance of St. Louis County establishing the Board of Building Appeals. Walmar asks, therefore, that the record of the Board be quashed and requests that the Board be directed to rehear the various matters and keep a proper record so that proper review may be made.

■ This proceeding is brought under the authority of § 536.150, RSMo 1969, V.A.M.S.,[1] which provides that, "When any administrative . . . body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person . . . and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for . . . certiorari . . . ." The ordinances of St. Louis County establishing the Board of Building Appeals[2] provides for no appeal from a ruling of the Board of Building Appeals, hence Walmar may proceed by certiorari under § 536.150. In this state the functions of the writ of certiorari have not been the subject of statutory description or definition; therefore, the writ performs the same office and function as at common law, and lies where there is no remedy by appeal or writ of error. State ex rel. Kassen v. Carver, Mo. App., 355 S.W.2d 324, 327; State ex rel.

Shaw State Bank v. Pfeffle, 220 Mo.App. 676, 293 S.W. 512 (opinion by Bennick, J.): "The chief object of certiorari is to confine inferior tribunals within the limits of their respective jurisdictions, and it is therefore the appropriate remedy to be pursued where an inferior court has acted either without or in excess or abuse of its jurisdiction. . . ." State ex rel. Shaw State Bank v. Pfeffle, *supra*, l.c. 515.

Walmar contends that items 1–13 of the Return Materials should have been ignored by the trial court because those items preceded the appeal filed by Walmar on April 6, 1965. However, § 1104.050, St. Louis County Revised Ordinances provides that when an appeal is taken from the action of the building official, the " . . . building official shall immediately transmit to the Board of Building Appeals such notice and all papers constituting the record upon which the action appealed from is taken. . . ." Walmar sought to occupy the three structures on Lot 23 for office facilities, and in order to issue the occupancy permits for these structures the official had to determine whether they complied with the ordinances. These "return items" show that the three structures were originally erected as display homes. The petition for appeal from building regulations, return item No. 14, dated April 6, 1965, shows that the buildings for which Walmar sought occupancy permits were residence display type homes which were sought to be used as office facilities.

The trial court should have wide latitude to examine "all papers" concerning the appeal. Return items 1–13 were properly reviewed since they constituted papers constituting the record upon which the action appealed from is taken.[3]

The serious question involved here is whether the Board complied with §

---

1. All statutory references are to V.A.M.S. unless otherwise indicated.

2. Sections 1104.010–1104.070, St. Louis County Revised Ordinances, filed as Relator's Exhibit No. 1, and admitted into evidence by stipulation of the parties.

3. The appeal from building regulations dated April 6, 1965 requested the Board to grant occupancy permits for the buildings located at 3015 and 3019 N. Lindbergh Blvd.

1104.020, St. Louis County Ordinances: " . . . The Board shall keep minutes of its proceedings showing the vote of each member on each question, or if absent or failing to vote, indicating such fact, *and shall keep records of its examination of witnesses* and other official acts." (Emphasis added.) Walmar contends that Return Materials 14 through 19 do not comply with these requirements, whereas the Board urges that the procedure and records complied with the ordinance, especially if the minutes of March 9, 1965 are coupled with the minutes of May 11 and June 15, 1965.

The minutes of June 15, 1965 reflect only that the attorney for Walmar presented an agreement made between Walmar and the trustees of Inverness, and thereafter in executive session the Board unanimously agreed how the three buildings were to be treated as reflected in its order of June 22. The minutes of May 11, 1965 only reflect that the attorneys requested they be allowed another month in which to reach a suitable agreement and the Board members agreed to the extension. The minutes of March 9, 1965 show that a building permit was issued for one display home to Nationwide Lifetime Homes; subsequent investigation revealed three structures in existence; that Walmar leased the center building to be used as an office which was found to be in conformance with the building code but that the other two buildings could not qualify for occupancy permits. The petition for appeal from building regulations dated April 6, 1965 relates only to two buildings, the northernmost and the southernmost.

A "record of examination of witnesses and other official acts" to be kept by the Board of Building Appeals should, if the matter is to be reviewed by a judicial tribunal on certiorari, contain a sufficiently complete written account of the basis leading to a decision. A record of the examination of witnesses implies that not only the name and identity of each witness should be recorded but also at the least a summary of the testimony of the witnesses sufficiently complete so that a decision by the Board may be reviewed by a proper tribunal or in the event no witnesses testify, that fact should also be noted. A full and complete transcript of the testimony, under the ordinance, is not required but something more than mere conclusions should be recorded.

The minutes here do not show a sufficient record of "examination of witnesses" nor sufficient facts to indicate the basis for the decision of the Board on June 15, 1965 which was the subject of its order on June 22. Even when supplemented by the minutes of the meeting on March 9, 1965 the minutes do not reflect the basis for the Board's decision on June 15.

Since the mandate of the ordinance, § 1104.020, requires a record to be kept, it cannot avoid the mandate prescribed by failing to keep a proper record. Buff v. State Tax Commission of Missouri, Mo.Sup., 467 S.W.2d 273.

The judgment is reversed with directions that the record in its present posture be quashed and that the matter be returned to the Board of Building Appeals for hearing and a proper recordation made.

BRADY, C. J., and DOWD, SMITH, and WEIER, JJ., concur.