**COUNTY OF PLATTE et al., Plaintiffs and Intervenors-Appellants,**

v.

**Marion W. CHIPMAN, Trustee, and Homer A. White, III, Executor, et al., Defendants-Appellants.**

**STATE of Missouri ex rel. Homer A. WHITE, III, Executor, et al., Relator-Respondents,**

v.

**COUNTY COURT OF PLATTE COUNTY, Missouri, and Henry J. Miller, et al., Respondents-Appellants.**

Nos. KCD 26160, KCD 26161.

Missouri Court of Appeals, Kansas City District.

July 1, 1974.

James W. Farley, Farley, William Dick Fickle, Pros. Atty., Platte City, for Platte County and others.

Clevenger & Lay, David R. Clevenger, Platte City, for Homer A. White.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

This matter involves cross-appeals taken from judgments in two consolidated cases in the court below, there tried by the court.

The first of such cases numbered E–70–303 below (here No. KCD 26,160) was an action brought by the County of Platte, as original plaintiff, seeking relief by injunction against the proposed use of certain land in Platte County as a mobile homes court or park, such use allegedly in violation of the zoning laws of such county. Other individuals, owners of property in the area, were permitted to intervene in that suit as parties plaintiff. The defendants in that action were the owners of the land proposed to be used for such alleged unlawful purpose.

The second such case, numbered E–71–145 below (here No. KCD 26,161) was an action by the owners of the property upon which the mobile homes court or park was proposed to be constructed and was a peti-

tion for a writ of certiorari seeking review of the records and a judgment setting aside an order of the County Court of Platte County dated March 25, 1971 with reference to the zoning of the property involved. The defendants in that suit were the members of the County Court of Platte County, Missouri.

The court below entered a jugment in the first case which, among other things, made permanent a temporary injunction theretofore issued, and a judgment in the second case reversing the order of the Platte County Court of March 25, 1971. The details of these judgments and the background of the cases are hereafter discussed. All parties appealed.

Because of the complexity of this record and for the sake of simplicity, the owners of the land, the use of which is in controversy, and who are defendants in the first case and relators in the second, will herein be designated "applicants". Platte County and the intervenors, owners of land in the area, plaintiffs in the first suit, and the members of the Platte County Court, defendants in the second suit, will hereafter be designated "protestors".

As is now apparent, the background of the litigation involves the zoning laws of Platte County, Missouri. The pertinent facts are undisputed.

On January 13, 1970, the applicants filed an application with the Platte County Planning Commission requesting that the land in question be rezoned from District R–1A to District R–A for the proposed use as a site for a mobile homes court. The required notice was published and a public hearing held on March 10, 1970. Evidence was received which revealed that the land involved was 241 acres of land, six miles northwest of Parkville in Platte County. The applicants proposed to establish on this site the "Twin Lakes Mobile Homes Court", to divide the tract into 839 lots or parcels, to build roads, a clubhouse, tennis courts, lakes and public open spaces; to supply each tract with utilities, and to landscape the property; to lease each lot to individuals for $70.00 per month, and up, for the purpose of establishing mobile homes; and to construct access roads.

After a full hearing, the Platte County Planning Commission on April 14, 1970, by a vote of 7 to 1, denied the application. The applicants then took the matter directly to the Platte County Court. On April 24, 1970, the intervenor-protestors filed a protest to the proposed rezoning, which was signed but not acknowledged, and on the same day, apparently without further notice or hearing, two of the three judges of that court signed an order which purported to rezone the tract "from District R–1A to District R–A, for the proposed use as a site for the location of a Mobile Homes Court."

The applicants thereafter in July or August, 1970, commenced preliminary work on the property and the injunction suit, No. E–70–303 was filed by the protestors in the court below, sometime prior to December 8, 1970. (The record before us does not disclose the exact date but the application to intervene was filed on December 8, 1970).

On March 25, 1971, the Platte County Court made an order setting aside and holding its order of April 24, 1970 of no force and effect and holding that such tract was not rezoned from R–1A to R–A by the previous order.

On April 23, 1971, the applicants filed Case No. E–71–145 (KCD No. 26,161) in the court below. The writ of certiorari was issued and, as stated, the cases were consolidated for trial.

A trial was had in the court below on December 17, 1971, evidence was heard, and on February 7, 1971 the court below entered its findings and judgments.

In Case No. E–70–303 (KDC No. 26,160) the court found:

1. The land described in the County Court order of April 24, 1970 "has

been rezoned from District R–1A" and that said order "did not amend the zoning order of Platte County, Missouri."

2. That Section 22 of the Platte County Zoning Order permits in District R–A "tourist cabins, motels and tourist courts" and "the court does here specifically construe said Section 22 to include Mobile Homes Courts."

3. Section 22 provides that uses contained therein are permitted only after approval by the Board of Zoning Adjustment.

4. Inasmuch as Section 22 "has not been complied with it is,

Therefore, Ordered, Adjudged and Decreed that said temporary injunction is made permanent."

In Case No. E–71–145 (KCD No. 26,161) the court below entered the following judgment:

"The order of the Platte County Court of the 25th day of March 1971, is hereby reversed and the same for naught held."

The applicants (defendants in No. E–70–303) filed their timely motion for a new trial in that case. The protestors (plaintiffs in No. E–70–303 and defendants in No. E–71–145) filed their timely, joint motion for a new trial in both cases. These motions were overruled by the court below on March 30, 1971. This consolidated appeal followed.

After a thorough study of the record and the able briefs of counsel and much independent research, we have reached the conclusion that the judgment of the trial court in Case No. E–70–303 (KCD No. 26,160) should be affirmed insofar as it makes the temporary injunction therein permanent and reversed in all other respects. The judgment in Case No. E–71–145 (KCD No. 26,161) should be reversed and that action dismissed. These conclu-

sions are reached, not by means of the usual orthodox review of matters where zoning jurisdiction is established and procedures followed in the actions on the levels below, but rather because no such jurisdiction was established nor procedures followed. As a result, we are here concerned with the basic ultimate question of whether or not the use proposed (and set in motion) by applicants violates the permissible use under the Platte County zoning laws and should therefore be enjoined. Of course, to reach such decision, a review of the background of the zoning laws, tortuous facts in this record, and applicable decisions, is required.

The exercise of the right to control the use of real property by political entities (which in our modern world and in legal parlance is "zoning") is basically an exercise of police power which initially rests solely in the sovereign. Such power is not enjoyed by lesser governing bodies, such as, counties and municipalities, in the absence of specific grant or delegation to such bodies by the sovereign. State ex rel. Sims v. Eckhardt, 322 S.W.2d 903, 906 (Mo.1959); Allen v. Coffel, 488 S.W.2d 671, 678 (Mo.App.1972). The County of Platte has been delegated such power, however, by the sovereign State of Missouri by means of legislative enactments in Sections 64.510/64.690 RSMo 1969 [1], which apply to Missouri counties of the second and third class. Platte is a county of the latter class.

In brief, this subchapter of the sovereignty grant, as applicable here, provides for the adoption of a "county (zoning) plan" by approval of the vote of the people. Section 64.510. Upon the adoption of such plan there is created "a county zoning commission", the administrative body, the composition and powers of which are clearly defined. Sections 64.520, 64.550, 64.570. Such commission is empowered to adopt rules and regulations and to recommend amendments and extensions of the

---

1. All references to RSMo 1969, V.A.M.S.

"county" or "master" plan, or portions thereof, upon proper notice and public hearing, toward the ultimate purpose of conserving natural resources, promoting health, safety, convenience, prosperity and the general welfare of the inhabitants of the county. Sections 64.550; 64.580; 64.-610. All plans for change of basic zoning or construction of improvements cannot be accomplished "without *first* submitting the proposed plans thereof to the county planning commission and *receiving the written approval* or recommendations of said commission", Section 64.570. (Emphasis supplied).

But this grant of sovereign power and the specific creation of the county planning commission and the definition of its functions and powers, was wisely circumscribed by mandatory provisions that the county court also establish a "county board of zoning adjustment" to be composed of five freeholders. The function of this Board is to accept proper appeals from administrative decisions with regard to zoning, Section 64.660(1). A further review was provided to the circuit court on certiorari, Section 64.660(2).

Up to this point, the function of the County Court is limited to the creation of the County Planning Commission and the Board of Zoning Adjustment. But the law further provides, in pertinent part, Section 64.670:

"The regulations imposed and the districts created under authority of sections 64.510 to 64.690 may be amended from time to time *by the county court by order after the order establishing the same has gone into effect* but no such amendments shall be made by the county court *except after recommendation of the county planning commission* * * * after hearings by such commission * * *" (Emphasis supplied)

This section further provides that a favorable vote of all members of the county court is required if a written protest, signed and acknowledged by 20% of certain owners of adjoining land or land directly opposite the property directly affected by the proposed amendment, is filed with the county court.

Under the provisions of the statutes the voters of Platte County approved the adoption of county zoning, and the County Court adopted a zoning order in September, 1954. To further implement its zoning functions and under the mandate of the statutes, Platte County established a County Planning Commission and a Board of Zoning Adjustment.

The provisions of the original zoning order applicable here were Section 5 and Section 22. Section 5 established a District R-1A covering one-family dwellings (which included agricultural and other specific uses) and covered the property here in question. As a part of this Section 5, it is provided:

"District R-1A Building Construction Requirements

\* \* \* \* \* \*

10. No auto trailer or movable house is permitted.

\* \* \* \* \* \*"

Section 22 of the original zoning order, "Special Classes", provided 12 classes of use which could be located "in any district by special permission of the Board, after public hearing", and among such uses was:

"12. Tourist cabins, motels, or trailer courts, subject to such rules as may be adopted by the Board."

On March 6, 1956, the County Court amended the zoning order of September 1954 by enacting two new sections which created "Section 5.1 District R-A Residential-Agricultural"; added certain new uses (not applicable here); and which also permitted any use previously allowed under

District R–1A. This order further provided:

"Building Construction Requirements

*In district R–A the building construction requirements shall be the same as for District R–1a,* except that the minimum size of residential structures shall be seven hundred-twenty (720) square feet exclusive of attached accessory buildings." (Emphasis added)

thus incorporating into District R–A the prohibition quoted above under R–1A against auto trailers or movable houses.

On April 5, 1956, the County Court

"Amended the Zoning Order of Platte County, Missouri as Adopted September 1954 by *Repealing Section 22* thereof and Reclassifying the Uses of Land Listed Therein." (Emphasis supplied)

In this order among the uses to be permitted in established zoning districts was the following:

"3. In District R–A: * * * tourist cabins, motels or tourist courts * * *"

However, the order further provided:

"The aforesaid uses shall be permitted in established zoning districts as provided herein *only after approval by the Board of Zoning Adjustment,* and in accord with ·such provisions, restrictions and/or requirements as may be established by the Board governing such use. In making such a determination the Board shall re (sic) required to hold a public hearing on each application for such use." (Emphasis supplied)

■ Where variances in the general zoning plan are sought, the procedures outlined in the statutes and zoning ordinances must be followed in order for such proposed change to be valid. State ex rel. Luechtefeld v. Arnold, 149 S.W.2d 384, 387 (Mo.App.1941); State ex rel. Day v. County Court of Platte County, 442 S.W. 2d 178 (Mo.App.1969); Cohen v. Ennis, 314 S.W.2d 239, 244 (Mo.App.1958); State ex rel. Walmar Inv. Co. v. Armstrong, 477 S.W.2d 730 (Mo.App.1972). Neither the circuit court of Platte County nor this court may review such a zoning matter unless the aggrieved party has first pursued all of the administrative procedures available. Bourke v. Foster, 343 S.W.2d 208, 211 (Mo.App.1960); Hernreich v. Quinn, 350 Mo. 770, 168 S.W.2d 1054, 1058 (en banc 1943); and Evans v. Roth, 356 Mo. 237, 201 S.W.2d 357, 362 [4] (en banc 1947).

■ It is clear that the applicants for the rezoning in the matter before us did not exhaust the administrative procedures available to them under the Platte County Zoning Order and the amendments thereto, above noted. Their application was rejected by the County Planning Commission by a vote of 7 to 1. Their next mandatory procedural step was to apply to the Board of Zoning Adjustment for review of this administrative decision as provided under Section 64.660(1) and the April 5, 1956 amendment to District R–A, which repealed Section 22 of the original zoning order, as above set forth. In adopting this amendment the County Court of Platte County specifically required approval of the proposed change by the Board of Zoning Adjustment before such "uses shall be permitted in established zoning districts". The county court, therefore, had no jurisdiction to entertain the application.

But even more convincing and supportive of the judgment of the court below, that the injunction be made permanent, is the fact that in the March 6, 1956 amendment to the zoning plan creating District R–A, the County Court specifically and unequivocally adopted the "construction Requirements" theretofore applicable to zon-

ing for District R–1A. These requirements provided:

"10. No *auto trailer or movable house or home* is permitted." (Emphasis ours)

██ .The proposed use for the property was to establish a "mobile homes" park or court. It is difficult, if not impossible, to find any valid distinction between the terms "movable house" and "mobile home". We will not further burden this opinion by common definitions of these words. Neither is there any substantial distinction between the generic term "auto trailer" and "mobile home".

We adopt as applicable here the definition and statement of the Supreme Court of Vermont in City of Rutland v. Keiffer, 124 Vt. 357, 205 A.2d 400 (1964) in a case where it had under consideration a municipal zoning ordinance. The court there said, 1. c. 403:

"Here, we find a specific reference in this section to automobile house trailers. The words 'mobile home' are of more recent origin, undoubtedly because it has more sales appeal in the trade. Further, it is common knowledge that a great improvement has been made in the construction of, and equipment and facilities in, mobile house trailers. But a *mobile home is nothing more or less than* [*an*] *automobile house trailer.* Both are designed and built as a *moveable family dwelling.* Whether they are placed on a location for use as a temporary, semi-permanent, or permanent dwelling depends on the circumstances of each case." [2] (Emphasis supplied)

██ If the applicants for rezoning in this case are to come within any of the areas of permissible use under the present Platte County Zoning laws, they would be required to obtain approval of the Board of Zoning Adjustment under R–A(3) providing for " * * * tourist cabins, motels or tourists courts." The court below held that this term included the applicants' proposed use as a "Mobile Homes Court". We do not agree.

The phrase above quoted from R–A(3) connotes some sort of temporary accommodations for travelers. Vol. 2, American Law of Zoning, Section 12.11, p. 522, contains this definition:

"*Motel or tourist cabin*: A building or group of buildings which: (a) Contains living or sleeping accommodations used primarily for transient occupancy, and (b) Has individual entrances from outside the building to serve each such living or sleeping unit."

The application for rezoning here involved and the testimony and exhibits offered in support thereof clearly show that the classification of R–A(3) was not sought and is not applicable.

We therefore hold that the use contemplated by the applicants for rezoning is specifically prohibited under the Platte County Zoning laws and the court erred in holding such use to be within the provisions of R–A(3) of the law (Section 22, before repeal and amendment of April 5, 1956).

Proper procedures are provided to propose an amendment to the zoning laws of Platte County to permit the use under R–A for mobile home courts or parks as contemplated by applicants and to remove the specific prohibition against such use as now exists.

██ The sufficiency of the protest filed by landowners before the Platte County Court under Section 64.670 is called into question. Such protest was not in compliance with the statute since it was signed *but not acknowledged.*[3] Such fact is not

---

2. For various definitions of the term "mobile home" see Vol. 2, American Law of Zoning, Section 12.11, p. 521.

3. As to sufficiency of acknowledgement, see Marks v. Bettendorf's, Inc., 337 S.W.2d 585, 594 and discussion in dissenting opinion at

**206**

decisive here, since we hold that the Platte County Court did not have authority to hear and decide the application, regardless of the form of the protest.

■ The instant proceeding by the County and the intervening property owners invoking the equity powers of the court below for injunctive relief to abate the use of the property in violation of the Platte County Zoning laws was a proper remedy. No adequate remedy was afforded to them by the administrative proceedings established either under the applicable statutes or the zoning orders or amendments thereto. Evans v. Roth, supra.

■ On the other hand, the applicants, as has been previously demonstrated, failed to exhaust their administrative remedies by review before the Board of Adjustment, after the unfavorable determination of the Planning Commission. This was a condition precedent to their right to apply for certiorari and they therefore lacked capacity to maintain that action in the court below. Hernreich v. Quinn, supra; Scallet v. Stock, 363 Mo. 721, 253 S.W.2d 143, 145–146 (Mo.1952). By like token, neither the court below nor this court has jurisdiction to decide the certiorari proceeding in this matter. Bourke v. Foster, supra.

The judgment of the court below in Case No. E–70–303 (KCD No. 26,160) is affirmed as to the part thereof making the temporary injunction permanent and reversed in all other particulars.

The judgment in the court below in Case No. E–71–145 (KCD No. 26,161) is reversed and the court below is directed to enter an order dismissing such case.

These consolidated appeals are, therefore, affirmed in part and reversed in part, and remanded with directions to the court below to enter appropriate judgments in each case in accordance with this opinion.

All concur.

l. c. 598–599 (Mo.App.1960) ; Vol. 39, Words and Phrases, "Signed and Acknowledged";

Vol. 1A, Words and Phrases, "acknowledged", and cases therein cited.