Michael W. Bradley Carroll County Prosecuting Attorney Carroll County Courthouse Carrollton, Missouri 64633
Dear Mr. Bradley:
This opinion is in response to your question asking:
 Must a third class county have another vote of the people on the issue of county planning and zoning, as provided by Section 64.510, R.S.Mo., when a vote of the people, which approved planning and zoning, was held on August 6, 1968, but the county did not proceed with establishing planning and zoning in that the other requirements of Section 64.510 et. seq. were not followed?
Along with your question, you state:
 On August 6, 1968 the voters of Carroll County approved county planning and zoning, in an election submitting the question as provided for by Section 64.530.2, R.S.Mo.
 The County Court appointed a Planning Commission. That Planning Commission met at least once and possibly on a few additional times.
 No master plan was ever adopted. No zoning regulations were ever promulgated. . . .
Section 64.510, RSMo 1986, provides:
 64.510. County commission may provide for county plan, when — county planning commission (second and third class counties). — The county commission of any county of the second or third class may, after approval by vote of the people of the county, provide for the preparation, adoption, amendment, extension and carrying out of a county plan for all areas of the county outside the corporate limits of any city, town or village which has adopted a city plan in accordance with the laws of the state. Upon the adoption of the county plan there is created in the county a county planning commission as hereinafter provided.
Section 64.530, RSMo 1986, provides:
 64.530. Planning or zoning to be adopted only after approval by voters — submission of question (second and third class counties). — 1. Before the county commission of any such county shall adopt any plan or create any commission provided for in sections 64.510 to 64.690
it shall order the question as to whether or not the county commission shall adopt county planning or zoning submitted to the voters of the county.
 2. The question shall be submitted in substantially the following form:
 Shall county zoning (or planning) be adopted?
 3. If a majority of the votes cast on the question be in favor of the adoption of zoning or planning the county commission may then proceed as heretofore provided in sections 64.510 to 64.690.
Section 64.520, RSMo Supp. 1990, establishes the composition of the county planning commission; such planning commission must have as its members one county commissioner, the county highway engineer, and one resident from the unincorporated part of each township in the county.
Section 64.540, RSMo 1986, provides authority for the county planning commission to make rules.
 64.540. Planning commission — general powers — rules — employees, consultants — expenditures limited — fees, third class counties (second and third class counties). — The county planning commission may create and adopt rules for the transaction of its business and shall keep a public record of its resolutions, transactions, findings, and recommendations. . . . [Emphasis added.]
The county planning commission is authorized by Section64.550, RSMo 1986, to adopt a county master plan. Section64.550, RSMo 1986, provides in part:
 64.550. Master plan of county — contents — hearings — adoption (second and third class counties). — The county planning commission shall have power to make, adopt and publish an official master plan of the county for the purpose of bringing about coordinated physical development in accordance with the present and future needs. . . . The county planning commission may adopt the official master plan in whole or in part and may subsequently amend or extend the adopted plan or portion thereof. Before the adoption, amendment or extension of the plan or portion thereof, the commission shall hold at least one public hearing thereon, fifteen days' notice of the time and place of which shall be published in at least one newspaper having general circulation within the county, and notice of such hearing shall also be posted at least fifteen days in advance thereof in one or more public areas of the courthouse of the county. Such hearing may be adjourned from time to time. The adoption of the plan, or part thereof, shall be by resolution carried by not less than a majority vote of the full membership of the county planning commission. After the adoption of the official master plan, or part thereof, an attested copy shall be certified to the county commission, to the recorder of deeds and to the clerk of each incorporated area covered by the plan or part thereof. [Emphasis added.]
Section 64.580, RSMo 1986, provides: "The county planning commission may also prepare, adopt, change and amend, as parts of the official master plan or otherwise, sets of regulations governing subdivisions of land in unincorporated areas. . . . Such subdivision regulations shall be adopted, changed or amended only after a public hearing has been held thereon, public notice of which shall be given in the manner provided for the hearing in section 64.550." [Emphasis added.]
In County of Platte v. Chipman, 512 S.W.2d 199 (Mo.App. 1974), the court discussed the zoning authority of a county:
 The exercise of the right to control the use of real property by political entities (which in our modern world and in legal parlance is "zoning") is basically an exercise of police power which initially rests solely in the sovereign. Such power is not enjoyed by lesser governing bodies, such as, counties and municipalities, in the absence of specific grant or delegation to such bodies by the sovereign.
Id., 512 S.W.2d at 202. The court observed that Sections64.510, et seq., RSMo, provide the means by which such a delegation is made. Id.
In the facts you have presented, in accordance with Sections 64.530.2 and 64.510, RSMo, the question of whether county planning and zoning shall be adopted was submitted to and approved by the voters on August 6, 1968. Chapter 64, RSMo, does not specifically state when such approval is effective thus authorizing the county commission to provide for adoption of a county plan. However, it is helpful to look at effective dates for other measures submitted to the voters. Article III, Section 51 of the Constitution of Missouri, provides that any measure proposed by initiative "shall take effect when approved by a majority of the votes cast thereon." In State ex rel.Otto v. Kansas City, 310 Mo. 542, 276 S.W. 389 (1925) (en banc), the court opined on the effective date of the Charter of Kansas City:
 There is no other constitutional provision and no statute relating to the time when the proposed charter, if adopted, becomes the charter of such city. Absent constitutional or general statutory provision fixing such time, the proposed charter would become the charter of such city on the date of its adoption, unless otherwise provided therein.
Id., 276 S.W. at 396. Based upon the foregoing, we conclude that the approval was effective on August 6, 1968, at the time the voters approved the submitted question, thus authorizing the county commission to provide for adoption of a county plan.
The next issue for consideration is whether the lapse of 23 years (1991 minus 1968) removes the authority previously granted to the county commission on August 6, 1968. Missouri courts have examined the issue of political subdivisions exercising authority to issue bonds years after the election granting such authorization was held. The courts have concluded that a mere lapse of time does not automatically remove this authority.See Arkansas-Missouri Power Corporation v. City of Kennett,348 Mo. 1108, 156 S.W.2d 913 (banc 1941) (five years); MissouriElectric Power Co. v. Smith, 348 Mo. 738, 155 S.W.2d 113
(1941) (nine years); Bowling v. Longwell, 400 S.W.2d 115 (Mo. 1966) (nine years); Petition of City of St. Louis, 363 S.W.2d 612
(Mo. banc 1963) (eighteen years).
"Whether a city's authority to issue bonds terminates by reason of a lapse of time depends upon the facts and circumstances of the particular case." Bowling v. Longwell,400 S.W.2d at 119. In the absence of evidence showing a "radical change in conditions," the court has deferred to the judgment of "the administrative officials to whom the people of the city have entrusted the management of its affairs."Arkansas-Missouri Power Corporation v. City of Kennett,supra, 156 S.W.2d at 919. In Petition of City of St. Louis,supra, the court found neither a change in circumstances nor any ordinance, statute or constitutional provisions removing authority because of the lapse of time. Id., 363 S.W.2d at 619.
Similarly, nothing in the provisions of Sections 64.510, et seq., RSMo, establishes a particular date or time by which the county commission or created county planning commission must take action. You have not provided any information demonstrating a "radical change in conditions" in Carroll County since the approval of planning and zoning authority on August 6, 1968. In the absence of any specific requirement that the county adopt a plan within a certain time frame and in the absence of any radical change in conditions in Carroll County, we conclude the county remains authorized to proceed without another vote of the people.
CONCLUSION
It is the opinion of this office that a third class county wherein the voters approved planning and zoning on August 6, 1968 pursuant to Section 64.530, RSMo, is authorized to proceed with planning and zoning without another vote of the people absent a showing of a radical change in conditions.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General