OLIVER QUINETTE, Respondent, *v.* CHARLES J. CARPENTER, Appellant.

*Landlord and Tenant—Rent.*—A tenant holding over after the expiration of his lease, will be presumed to hold under and subject to the terms of the previous lease. If the tenant quit possession before the end of the term, he will be liable for the whole rent.

*M. L. Gray*, for respondent.

I. That the tenant is presumed in holding over to hold according to terms of preceding lease, is evident. (Opinion of Lord Ellenborough in Boraston v. Green, 16 East. 71; Doe on dem. Riggs v. Bell, 5 T. R. 471.)

II. That tenant was liable to the end of month in which he quit. (10 Mo. 601; 19 Mo. 132.) In fact both of the above principles are too plain to need authorities; they will be found in all the elementary works.

The second instruction needs no argument or authority to support it. The third instruction of plaintiff was right. (Tay. Land. & Ten. 84, ed. 1844.)

*Geo. Marshall*, for appellant.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit for three months' rent ending the 22d of March, 1861, of a farm alleged to have been leased by the plaintiff to the defendant for a term of years at a fixed money' rent, payable monthly, and held over by the lessee after the expiration of his term; and for damages for breach of a covenant contained in the same lease by which the lessee engaged to take care of and preserve from waste the fruit trees and shrubbery growing on the premises, and also for damages for removing certain manure and compost from said farm, made thereon during the last year of the defendant's tenancy. The answer admitted the lease and that the defendant entered and held under it as charged in the petition, but denied that the defendant held over on the terms of the lease as charged.

It averred payment of all rent reserved, and the performance of all the covenants and agreements in said lease to be performed by the defendant, and denied the alleged waste and injury of the fruit trees and shrubbery. It also admitted the removal of the manure, but denied the plaintiff's property therein, averring that the same was the product of the defendant's cattle, and belonged wholly to the defendant.

The case was tried by the court without a jury, and a verdict and judgment were rendered for the plaintiff, from which the defendant has appealed to this court.

The evidence tended to show that the defendant occupied the leased premises until about the first of March, 1861, when he quit, and that during his occupancy some of the fruit trees were injured by boys, resulting from the negligence of the defendant. In the progress of the trial, the plaintiff offered in evidence the lease, on which the first and second counts of the petition were based and executed by the defendant, to the reading of which the defendant objected, placing his objection on the ground that the instrument was an expired lease; but the objection was overruled and the paper read, and this is assigned for error. It is impossible to discover any force in this objection. As the due execution and the terms and stipulations of the lease were distinctly admitted by the answer, an objection to the evidence might well have been made that it was not relevant to any issue in the case, and on that ground excluded. But its admission even against that objection would not have been a ground for reversal, because its admission could not possibly be harmful to the defendant.

Again: the defendant read in evidence an account which the plaintiff had filed before a justice of the peace and reduced to a judgment against the defendant, for the rent of the leased premises for the months of November and December, 1860, in which the monthly rent was charged at the sum of $44.15 instead of $50 per month, the rent reserved in the lease, and then moved the court to exclude the lease from its consideration because it was incompetent testimony.

The motion was overruled and the defendant excepted. As has been seen, the lease as a matter of evidence could cut no figure in the case. Whether it was admitted or rejected could neither hurt nor help either party. The point in controversy was as to the terms upon which the defendant held possession after the determination of the time fixed by the lease. There was no dispute that the rent reserved in the lease was $50 per month. The plaintiff affirmed and the defendant denied that the defendant held over at the same rent. Upon this issue the evidence offered by the defendant as to the amount of the rent claimed by the plaintiff for the months of November and December, was competent as tending to show a modification of the terms prescribed by the lease; but it was not conclusive of the question, nor could the fact of its competency be any reason for the exclusion of other testimony in the case, whether competent or incompetent.

Another ground of error complained of was in the giving instructions for the plaintiff. The court, at the instance of the plaintiff, declared the law of the case substantially as follows, viz: 1. If the defendant held over after the termination of the time for which the premises were let to him, the law presumes such subsequent holding to be under and subject to the terms of the previous lease, unless the contrary was shown by the defendant; and further, if the defendant quit before the end of the last month he occupied, and if the plaintiff was entitled to recover at all, he was entitled to recover the rent for the whole of the month in which the defendant so quit. 2. If the fruit trees in question were injured through the neglect or by the omission of the defendant properly to protect them, the plaintiff is entitled to recover such damages as the evidence may show he has sustained thereby. 3. If the defendant removed manure made on the premises, and such removal took place after he had quit possession, the plaintiff is entitled to recover the value thereof.

I see no solid objection to the instructions; on the con-

trary, I think they embrace a fair exposition of the law as applicable to the case.

The defendant asked two instructions, one of which as appears by the bill of exceptions was given, and the other refused; but it not appearing which was the one given or which refused, we cannot consider the defendant's exception on this point.

We find no error in the record. Let the judgment be affirmed; Judge Bay concurring.