Finney et als. v. City of St. Louis et al.

———————

THOMAS M. FINNEY'S TRUSTEES *et al.*, Plaintiffs in Error, *v.* THE CITY OF ST. LOUIS AND MICHAEL AHERN, Defendants in Error.'

*Landlord and Tenant—Lease—Improvements.*—Where a tenant holds over by consent, either express or implied, after the determination of a lease for years, it will be considered as evidence of a new contract of tenancy, and the tenant will be presumed to hold under and subject to the terms of the original lease. Under a lease for years, the tenant upon complying with

his covenants had the right to remove the materials of the buildings he had erected upon the premises. When the lease expired he still continued to pay the rents and taxes from year to year. The property being condemned for a street—*Held*, that the value assessed upon the buildings belonged to the tenant, no forfeiture having taken place at the time of the condemnation.

*Error to St. Louis Land Court.*

*Glover & Shepley* with *C. G. Mauro*, for plaintiffs in error.

What, on the face of the contract made by the parties, was the right secured to Ahern? He was holding under the lease with the consent of Finney, and had all the rights guaranteed by the lease; one of these rights was that of removing the house.

Where a lessee puts improvements on the landlord's property for the purpose of "ornament, domestic convenience, or to carry on trade," the law is now settled that the tenant lessee may remove the same from the premises—Tayl. Land. & Ten. p. 363, §§ 544–5; 2 Kent Com. 342–3; 28 Mo. 70; 36 Mo. 324; King v. Wilcomb, 7 Barb. 263. By subsequent verbal agreements Ahern held over under the same lease with the same stipulations in every respect. Where tenant merely holds over, the law assumes the terms of the expired lease to attach—35 Mo. 502; Tayl. Land. & Ten. p. 369, § 532.

When the tenant renews his lease, he should stipulate for the right to remove the buildings, if he wishes to. That is just what Ahern did; he agreed to rent again with all the conditions in the lease, and was under such conditions when the city took the buildings.

The question may be considered when the lessee was to exercise the right to remove. We contend he could do so while he had lawful right of entry upon the premises, while he remained lawfully in possession; that is, at any time during the continuance of his term—2 Kent Com. 346; Taylor Land. & Ten. 364. So afterwards, if tenant is still in possession—Dubois v. Kelly, 10 Barb. 496.

*Espy* with *Krum, Decker & Krum*, for defendants in error.

The real debatable question in this case is whether the amount ($1,850) awarded by the land commissioner's jury in the opening of Sixteenth street should go to the tenant last in possession, or to the owners of the land.

The right to remove the building was limited by the first lease, which ended in the year 1860. After the expiration of that lease the tenant's right to remove ceased, for his right under all circumstances must be exercised within the term— Powell v. McAshan, 28 Mo. 71; Schlemmer v. North, 32 Mo. 206; Tayl. Land. & Ten. § 551, and cases; Leyde v. Russell, 1 B. & Adol. 394.

His holding over made the tenant a tenant at sufferance, if the landlord so desired to treat him. He could have turned him out in an action of unlawful detainer without giving him notice to quit, because his term expired at a day certain—Alexander v. Wescott, 37 Mo. 113, and cases there cited.

WAGNER, Judge, delivered the opinion of the court.

This was a petition for an injunction to restrain the City of St. Louis from paying the sum of $1,850 to the defendant Ahern, and to compel its payment to the plaintiffs.

The facts in the case seem to be that Finney, by an instrument in writing dated May 7, 1860, leased to the defendant Ahern a lot in the city of St. Louis, fronting on Washington avenue, for one year from the 1st day of January, 1860, for the sum of $60. By the terms of the lease Ahern was to pay all State, county and city taxes, and on compliance with the conditions to be allowed to remove a brick building which he had erected on the lot while he held it under a former lease from the same party and which expired by limitation January 1, 1860.

Ahern held on under the first lease above mentioned, and continued to occupy the demised premises with the consent of Finney till about April, 1864, all the time paying rent to

Finney, and paying the taxes and complying with the terms. of the lease.

The City of St. Louis, by ordinance numbered 4,724, ordered Sixteenth street to be opened from Christy avenue to Washington avenue, and it became necessary to take the lot and building for the purpose of opening said street. A proceeding was accordingly instituted against Finney and Ahern on behalf of the city, and on the 25th day of September, 1863, a jury was empannelled to assess damages and benefits, and a verdict was returned October 10, 1863, assessing damages in favor of Finney in the sum of $5,400 for the land taken exclusive of improvements, and damages were also assessed in favor of Ahern in the sum of $1,850 as the value of the building erected by him on the said lot. Under this state of facts Finney and Ahern both claim the $1,850, and the court below perpetually enjoined the City of St. Louis and its agents from paying the money to Ahern and decreed in favor of Finney.

The doctrine discussed by counsel as to the right of an outgoing tenant to remove fixtures erected by him during the tenancy can have little or no bearing on the case, as it must be governed and principally depends on the contract between the parties.

The judgment of the court below is based on the idea that at the end of the first year, when the lease determined, the tenant forfeited all right to remove the building after that period, and that it immediately became the property of the landlord without regard to the fact of there being a holding over by mutual consent. This we do not understand to be the law. When the tenant holds over by consent, either express or implied, after the determination of a lease for years, it is held to be evidence of a new contract without any definite period for its termination, and in either case is construed to be a tenancy from year to year—Tayl. Land. & T. § 60; Jackson v. Solomon, 4 Wend. 327; Webber v. Sheaman, 3 Hill, 547; Bennock v. Whipple, 3 Fairf. 346. And

a tenant holding over after the expiration of his lease will be presumed to hold under and subject to the terms of the previous lease—Quinette v. Carpenter, 35 Mo. 502; Doe v. Bell, 5 T. R. 471; 2 Smith L. C. 186.

Ahern's holding over did not constitute him a tenant at sufferance, for a tenancy by sufferance only happens when a man comes into possession lawfully, but holds over wrongfully after the determination of his interest. Here the holding over was with the consent of the lessor. The presumption of law is that the holding over was on the terms of the lease, and as such the lessee had a right to remove the building at the end of the year. The property belonged to the tenant till there was a forfeiture; and no such forfeiture had taken place when it was condemned and appropriated by the city.

The judgment must be reversed and the cause remanded. The other judges concur.