GOTTLEIB NEUMEISTER, Appellant, *v.* CHARLES C. PALMER, Respondent.

March 23, 1880.

Where premises are rented, by an oral contract, for one month, to end on a day named, a failure to deliver up possession on that day will not, in the absence of any evidence of a new contract, or of the receipt of rent for the new month, raise the presumption of a new contract to keep the premises for another month at the same rent.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

GOTTSCHALK, for the appellant: Where a tenant holds over after the term fixed by oral contract, he is liable for another month's rent. — *Prentiss* v. *Warne*, 10 Mo. 604; *Kerr* v. *Clark*, 19 Mo. 134; *Livermore* v. *Eddy*, 33 Mo. 550. A surrender of the premises by the tenant is necessary to discharge him. A mere vacation of the premises will not suffice. — *Bacon* v. *Brown*, 9 Conn. 334; *Quinette* v. *Carpenter*, 35 Mo. 504; *Finney* v. *City*, 39 Mo. 181; *St. Louis & Iron Mountain R. Co.* v. *Ludwig*, 6 Mo. App. 584; *Ames* v. *Schuessler*, 14 Ala. 600; *Harkins* v. *Pope*, 10 Ala. 498; *Hammon* v. *Douglas*, 50 Mo. 437.

HAYDEN, J., delivered the opinion of the court.

This is an action to recover $16, rent of a house in the city of St. Louis for the month of November, 1878. Under the original parol letting, the defendant had paid $16 a month in advance for six months, up to and including September, 1878. In September the defendant told the plaintiff's agent that he, the defendant, would move in October, 1878; and the agent, waiving notice, consented that the tenancy should terminate on October 1st. On the 28th of September, the plaintiff told the defendant he might take the house for a month, paying $16 in advance, and remaining till the first day of November; or that if defendant left the premises before the month expired, there should be a

contingent deduction. The defendant agreed, paid $16 for October, and remained until the 1st of November, not delivering the keys, however, until the 5th of November. On this the plaintiff demanded, and now sues for the rent for November.

It is obvious that the plaintiff, relying as he did on the previous hirings as raising an implied contract to pay $16 rent for November, had no case, and was properly non-suited. If the mere· non-delivery of the keys raised any implied contract, it was not to pay $16· for the month, but to pay for use and occupation for the time the premises were actually held. *Ibbs* v. *Richardson*, 1 Per. & Dav. 618. The previous agreement was a parol agreement for a time fixed, and the inference thence of a hiring for an entire month at the same rate would be absurd. There must be something else to show the existence of a new contract. *Waring* v. *King*, 8 Mee. & W. 574. Here was no written lease, the terms of which were extended by payment or otherwise. 50 Mo. 437 ; 39 Mo. 181 ; 35 Mo. 504. The statutory provisions as to agreements for the renting of town tenements, not in writing, being tenancies from month to month, is a provision of law, and is not to be confused with such facts as raise an implied contract. The judgment is affirmed. Judge BAKEWELL concurs ; Judge LEWIS is absent.