SAMUEL HITT, Appellant, v. MARTIN GREESER, Respondent.

St. Louis Court of Appeals, May 11, 1897.

1. **Lease**: BREACH: DAMAGES: EVIDENCE. In an action for damages for the violation of a lease, testimony offered by plaintiff to show that, sometime prior to the expiration of the third year, defendant agreed orally with plaintiff to continue to occupy the premises for the succeeding year upon the same terms and conditions, though incompetent to prove a contract of reletting as of that date, *was competent* as tending to prove that defendant held over by plaintiff's consent, also to disprove a new agreement on different terms.

2. **Nonsuit:** EXCLUSION OF TESTIMONY. *Held:* That the exclusion of this testimony did not compel a nonsuit.

*Appeal from the Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED AND REMANDED; Judge BOND concurring, Judge BLAND not sitting.

*R. G. Ranney* for appellant.

When a tenant holds over after the expiration of his lease, he will be presumed to hold under, and subject to, the terms of the previous lease. *Stoops v. Devlin,* 16 Mo. 162; *Ish v. Chilton,* 26 *Id.* 256; *Quinette v. Carpenter,* 35 *Id.* 502. See, also, Tay. Land. and Ten., sec. 60; *Finney's Trustee v. St. Louis,* 39 Mo. 177; *Grant v. White,* 42 *Id.* 285.

Nor is this rule changed by the fact that consent to remain was given previous to the expiration of the terms of the lease. *Hunt v. Bailey,* 39 Mo. 357.

The statute of frauds can not be invoked to shield one guilty of fraud. *Leahey v. Leahey,* 11 Mo. App. 413, and citations.

Nor can it be invoked when the contract has been partly performed. *Shaw v. Shaw,* 86 Mo. 594.

*W. H. Miller* for respondent.

The agreement, to have been enforcible, must have been in writing. This respondent is willing to concede to be the only issue involved in this case. R. S. 1889, sec. 5186; *Briar v. Robertson,* 19 Mo. App. 66; *Beiler v. Devoll,* 40 *Id.* 251; *Cook v. Redman,* 45 *Id.* 401; *Sharp v. Rhiel,* 55 Mo. 97.

BIGGS, J.—This is an action for damages for the violation of a contract for rent. The action was begun

before a justice of the peace. The substance of the complaint is, that on the fifteenth day of August, 1891, the plaintiff leased a farm to the defendant for the term of two years from that date; that at the expiration of the lease the defendant continued in the possession of the farm upon the same terms for another year, and that at the expiration of the third year he re-rented the farm for another year upon the same terms. The conditions of the lease are set forth in the statement, and it was charged that the defendant had violated them to plaintiff's damage, etc. On a trial *de novo* in the circuit court the original lease was read in evidence. The plaintiff testified to the re-renting of the farm for the third year, and that after its expiration the defendant held over and continued in the possession of the farm for the ensuing year, and that during the last year he violated the terms of the original agreement as specified in the complaint. In addition to this the plaintiff offered testimony tending to show that some time prior to the expiration of the third year the defendant agreed orally with the plaintiff that he would continue to occupy the premises for the succeeding year at the same rental and upon the same conditions stated in the original lease. The court excluded this testimony upon the ground that the contract sought to be proved was within the statute of frauds, in that it was not to be performed within a year, and the plaintiff, on account of this adverse ruling, submitted to a nonsuit. The court having refused to set aside the nonsuit, the plaintiff has appealed.

There can be no dispute concerning the proposition that the evidence offered was incompetent to prove a contract of reletting as of that date. The LEASE: breach: damages: evidence. contract was not to be performed within a year, and under all of the authorities such an agreement to be binding, must be in writing.

The evidence, however, was admissible for another purpose. Where a tenant holds over by consent after the expiration of his lease, he will be presumed (in the absence of evidence of a new agreement as to terms) to hold under, and subject to, the terms of the previous lease. The consent of the landlord may be either express or implied. *Finney v. City of St. Louis*, 39 Mo. loc. cit. 180; *Quinette v. Carpenter*, 35 Mo. 502; *Hunt v. Bailey*, 39 Mo. 257. The evidence offered was competent as tending to prove that the defendant held over by the consent of the plaintiff, and it also had a tendency to disprove a new agreement on different terms, thereby supporting or strengthening the presumption that the holding over was on the terms and conditions of the original letting. *Parker v. Hollis*, 50 Ala. 411.

It may be said that the exclusion of this evidence did not compel a nonsuit. The record indicates that the court and the counsel on both sides treated this ruling of the court as going to the root of plaintiff's case. They were right in this only in a measure. Aside from the testimony offered, the evidence was very meagre that the defendant remained in the possession of the farm with the consent of plaintiff. The implied consent of the latter might have been inferred from the fact that he made no protest against the continued occupancy of the defendant, but this is a doubtful question. Under the circumstances we think that the ends of justice will be met by remanding the case for a new trial. It may be remarked that the complaint does not declare specially upon the oral agreement, but makes the general averment that there was a reletting under the terms of the old lease.

*Nonsuit: exclusion of testimony.*

The judgment of the circuit court will be reversed and the cause remanded. Judge BOND concurs; Judge BLAND is absent.