STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff,

v.

R. David VOLK et al., Defendants,

A. Floyd Chapman, Jr., Defendant-Respondent,

Eller Outdoor Advertising Company, Defendant-Appellant.

No. 41781.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme court Denied Jan. 16, 1981.

Application to Transfer Denied March 9, 1981.

Robert C. Jones, Clayton, for defendant-appellant.

John L. Dooling, Jr., St. Louis, for defendant-respondent.

WEIER, Judge.

The State of Missouri on behalf of the State Highway Commission filed a condemnation petition to exercise its right of eminent domain on certain land east of Boyle Avenue adjoining U.S. Route 40 in the City of St. Louis. Among the parcels of land to be condemned was a part of a lot located on Clayton Avenue near Sarah Avenue owned by respondent A. Floyd Chapman, Jr. Appellant Eller Outdoor Advertising Company had occupied a portion of this land as Chapman's tenant and had erected thereon structures which supported three billboard advertising signs it had leased out to customers and on which it paid Chapman rental. The lease under which Eller had held as tenant provided in part:

> "All structures, material and equipment (trade fixtures) placed upon said premises by Lessee shall always remain Lessee's property and may be removed by Lessee at any time up to a reasonable time after the termination of this lease."

The lease term began on June 1, 1967, and through extensions expired on May 31, 1977. A chronology of events indicates that the State Highway Commission commenced negotiating with Eller for the purchase of the sign structures prior to the expiration of the written lease. After a price was agreed upon and prior to the expiration of the lease, a quit-claim deed was delivered by Eller to the State Highway Commission on the structures but was not accepted nor was the consideration paid because a disclaimer had not been obtained from Chapman in accordance with the requirements of the Highway Commission. After the expiration of the written lease, Eller continued to occupy the premises and paid Chapman a monthly rental. On September 28, 1977, Chapman served on Eller a notice of termination of tenancy as of October 31, 1977, and no rent was accepted after September 30 although tendered by Eller.

In November of 1977 Chapman filed an unlawful detainer action against Eller. The State Highway Commission then filed a condemnation petition on January 4, 1978, seeking to condemn the land within the right-of-way. After May 23, 1978, when the order of condemnation and the order appointing commissioners were made, the commissioners met and filed their report awarding $175,000 to the parties making claims as to the Chapman parcel. On October 16, 1978, the commissioners' award of

$175,000 was paid into the court by the State Highway Commission. In the meantime, the unlawful detainer action had proceeded and on November 7, 1978, the Circuit Court of St. Louis County entered judgment on behalf of Chapman against Eller for restitution of the premises found to have been unlawfully detained by the defendant Eller. A certified copy of this judgment was offered in evidence by Chapman in the proceeding from which this appeal was taken. Among the findings and conclusions arrived at by the court in the judgment in the unlawful detainer action were these:

"7. The sole reason for the termination notice to defendant was to defeat defendant's claim to compensation from the State Highway Department for condemnation of defendant's sign.

8. Plaintiff has a statutory right to eject defendant in this unlawful detainer suit even though plaintiff will be unjustly enriched as a result thereof."

Motions for distribution of the award were filed by both Eller and Chapman; and after a hearing with respect to the apportionment of the award, the trial court in which the condemnation proceeding was pending determined that Eller was an unlawful detainer from and after November 1, 1977, and was not entitled to participate in a division of the award made by the Highway Commission.

■ Eller contends that the court erred in holding that it had no compensable interest in the award. As reason for this charge, Eller first states that the State Highway Commission had reached agreement following separate negotiations on the sum to be paid to Eller as compensation; and therefore under the Uniform Relocation Assistance and Land Acquisition Policy Act of 1970, 42 U.S.C. §§ 4651–4655, Eller was entitled either to the negotiated value of the sign or its fair market value prior to the taking. These sections create an obligation on the part of the commission to make a bona fide effort to settle and avoid condem-

nation where federal aid is involved. They include an appraisal of the property before negotiation, a determination of the sum by which buildings, structures or other improvements which belong to tenants contribute to the fair market value of the real property to be acquired, establishment of just compensation for such property, furnishing the owner with a written statement of, and summary of the basis for, the amount established as just compensation, and making an offer of the compensation so established to the owner. Section 226.150, RSMo 1978, has been construed in *State ex rel. Weatherby Advertising Company, Inc. v. Conley*, 527 S.W.2d 334, 341[4, 5] (Mo. banc 1975) to require the Highway Commission to comply with these requirements as to appraisal, negotiation and settlement offers when the commission deals with owners of property that it seeks to acquire for highway purposes. This is an issue, however, that is not involved in the apportionment of the award. If the settlement had been consummated, there would be no claim to apportionment since Eller would have been compensated for the loss of its structures. Eller and the commission, however, failed to complete the settlement apparently for the reason indicated in the evidence that a disclaimer had never been obtained from Chapman. Such a disclaimer was required before payment could be made for the improvements of the tenant under 42 U.S.C. § 4652(b)(2).[1]

■ Eller's second charge of error is directed toward the court's holding that it had no compensable interest in the award because the record showed the sign structures were actually condemned by the order of condemnation and that the amount representing their value was included in the commissioners' award. It is reasoned from this that the issue as to whether Eller had an interest in the award was not subject to relitigation in the apportionment proceeding. We believe that this contention has merit and is well taken. Where under the terms of a lease a lessee is permitted to

1. 42 U.S.C. §§ 4651–4652, 4655 are reproduced in large part in *State ex rel. Weatherby Adver-* *tising Company, Inc. v. Conley, supra* at 338–340.

erect structures and improvements on a leased lot with privilege of removal, the mere fact that the houses are suffered to remain after the expiration of the lease while litigation is pending between the parties as to the right of possession of the lot does not work a forfeiture of the right of the tenant in the structures and improvements. *Atkison v. Dixon*, 96 Mo. 588, 10 S.W. 162 (1888). Here State Highway Commission filed a condemnation petition on January 4, 1978, while the unlawful detainer action against Eller was still pending. Thereafter the commissioners' award of $175,000 was paid into court on October 16, 1978. On that day the State of Missouri took title to the property including not only the land but all structures on it. The judgment of the circuit court ordering that Chapman have restitution of the premises was dated November 7, 1978, after the State had already taken title to the land and the sign structures owned by Eller. Condemned property passes to the condemning authority at the time the award is paid into court. *Seliga Shoe Stores, Inc. v. City of Maplewood*, 558 S.W.2d 328, 332[14] (Mo.App.1977). Because the sign structures passed to the condemning authority, it must pay for them and Eller is entitled to be paid the reasonable market value of its structures. *City of St. Louis v. St. Louis I.M. & S. Ry. Co.*, 266 Mo. 694, 182 S.W. 750, 754 (1916).

Eller's claim is very similar to that of the tenant Hazel Dean in *City of Ladue v. St. Louis Public Service Co.*, 168 S.W.2d 966 (Mo.App.1943). There the facts disclosed that Dean had erected a frame structure on premises in 1927 which she used as a restaurant and waiting room for patrons of the St. Louis Public Service Co. She held under a two year lease beginning February 1, 1927, which provided that she owned the buildings erected on the leased premises. The lease also provided at the termination of the lease that the premises were to be turned over to the lessor and the buildings and building materials were to be cleared away within a reasonable time at the cost and expense of the lessee. In 1930 she was forced to vacate the premises leased so that the City of Ladue could erect a fire engine house. The lessor agreed that she could put her building about 100 feet to the east of where it had been erected and she occupied the building at the new location until December 14, 1941. No written lease was executed at the time the move was made or at any time thereafter. The condemnation decree was entered on October 21, 1941. After the commissioners' report was filed on November 14 of that year and on March 25, 1942, the amount of the award made by the commissioners was paid into court. Dean notified the Public Service Company that she was going to vacate the premises on December 18, 1941.

The court considered the landlord's theory that she had forfeited any right to participate in the award by reason of abandoning her tenancy before the final decree but the court stated that she still had the right to remove the buildings within a reasonable time even though the relationship of landlord and tenant had terminated and that she continued to have that right up until the appropriation by the city. It was noted that Dean was seeking to recover the value of the annexations to the land, title to which was vested in her. At the time of the appropriation of the land the improvements were still annexed. They enhanced the value of the real property and they were a part of the property taken by the city. When the city condemned and took the property it destroyed any right to severance which Dean might otherwise have had. It destroyed all outstanding titles and the city became obligated for the value of the buildings it took. It was therefore reasoned that the lessee was entitled to that part of the award which represented the value of the buildings, not because the buildings added to the value of the leasehold, but because the buildings belonged to her and their value entered into the value of what the city took. *City of Ladue, supra* at 969.

Chapman contends that under Missouri law an unlawful detainer has no compensable interest in the award and cites *Seliga Shoe Stores, Inc. v. City of Maplewood,*

*supra*, 558 S.W.2d 328 (Mo.App.1977). Contrary to the facts in *Seliga*, however, the evidence in this case shows Eller to have been a tenant under a lease with the right of removal of the structures erected thereon. After the termination of the written lease, Eller continued as a month–to–month tenant until September 30, 1977, when it was ordered to terminate its tenancy. Eller's tenancy terminated on that date but its ownership in the sign structures continued on thereafter, at least until the time that the State took title to the structures along with the real estate. *See Finney v. City of St. Louis*, 39 Mo. 177 (1866).

 Since the judgment of the lower court must be reversed and the cause remanded to determine the damages to be awarded to Eller, we are of the opinion that some instructions should be given to the court with regard to ascertaining those damages. In *City of Ladue v. St. Louis Public Service Co., supra*, the same question arose and it was determined that the former tenant was entitled to the market value of the structures ascertained on the basis of what they were worth for the use to which they were employed as they stood upon the land. It has been the contention of appellant Eller that it was entitled to the amount that was offered to it by the State Highway Commission in the negotiations between the commission and Eller during the term of the lease. This was an offer that could never be accepted because of the refusal of Chapman to disclaim an interest in the structures. Settlement negotiations are not evidence of the value of the property which is the subject of the lawsuit. At the time the commissioners determined the damage to the property they included not only the damage for the taking of the land but also damage to the structures that were on the land and which were affected by the condemnation. Based upon the court's determination of the reasonable value of the sign board structures, the court can then make a determination with respect to the percentage interest of Eller in the award under the terms of § 523.053, RSMo 1978, which percentage will govern the eventual distribution of damages if the proceeding continues and is heard by a jury with respect to the total damages suffered as a result of the condemnation. The market value of the structures must be ascertained as of the date when the land was taken; that is, the day the award was paid into court.

The judgment of the lower court is reversed and the case is remanded so that the court may consider Eller's claim in light of the holding of this opinion.

PUDLOWSKI, P. J., and GUNN, J., concur.