STATE of Missouri, ex rel., Dave KOLB and Janet Kolb, Appellants,

v.

COUNTY COURT OF ST. CHARLES COUNTY, Missouri, et al., Respondents.

No. 46836.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 26, 1984.

William Randolph Weber, St. Charles, for appellants.

Robert K. Spalding, Ballwin, Ellsworth Cundiff, Jr., Michael T. Londoff, St. Charles, for respondents.

STEWART, Judge.

Dave and Janet Kolb appeal from a judgment of the circuit court upon a writ of certiorari to the St. Charles County Court which denied an amendment to the zoning map of St. Charles County.

The Kolbs seek to have 48.398 acres of land that they own rezoned from R–1A and R1–B single family residential to M–1 light industrial. This site is bounded on the north, east and west sides by single family residential zoning.

The deed to the property indicates that it was purchased by the Kolbs on July 29, 1980. Plaintiffs filed their application to amend the zoning map on March 4, 1981. Along with the application they submitted a legal description of the area to be rezoned, an outboundary survey, certificate of title, development plan and a list of property owners within 1000 feet of the property.

On March 30, 1981, a petition opposing the rezoning was filed by 60% of the property owners listed in petitioners' application as being within 1000 feet of the property proposed to be rezoned. A public hearing was had before the St. Charles County Planning & Zoning Commission with respect to the application. At the hearing the only person heard on behalf of the Kolbs was their counsel. Counsel made a statement describing the location of

the property and stated that there was some light industrial property to the south. Two of the plots were owned by the Kolbs. The Kolbs would build an industrial park on the rezoned property. He described the road and sewer systems that his clients proposed to construct. Counsel also displayed photographs.

Ten persons who opposed the change in zoning testified to the general effect that they owned homes in the area and that when they purchased the homes they relied upon the residential zoning of the area; that the change in zoning would reduce the value of their homes, and that certain of these properties would be more susceptible to flooding if an industrial park were to be built on the subject property.

The planning and zoning commission approved the zoning change at a meeting in May of 1981.

Because more than 20% of the owners of property within 1000 feet of the property to the left, to the right or of the property directly opposite or in the rear of the property proposed to be rezoned filed a protest it was necessary for the county court to give its unanimous approval in accordance with § 64.670 RSMo 1978.

The county court denied the application to rezone the property with two of its members voting to approve the application to amend the zoning map and one voting to deny the application. Other facts necessary to our determination will be set out hereafter.

Kolbs obtained review of the decision by way of writ of certiorari in the circuit court § 64.660.2 RSMo 1978. After a hearing the court adjudged the action of the St. Charles County Court to be "proper and lawful and that it had in fact denied the rezoning request."

The Kolbs urge reversal because of errors of the trial court in the exclusion of the testimony of a professional engineer as to the highest and best use of their property; the exclusion of the testimony of the members of the county court explaining the

reasons for their vote on the proposed zoning change; the exclusion of the minutes of the hearings and an exhibit with respect to a prior application to change zoning of the same property; and the admission into evidence of the testimony of eleven home owners and the Planning Director of St. Charles County.

We begin our discussion with a few basic precepts. Zoning is a legislative function and a court upon review can only determine whether the legislative body exercised its power arbitrarily or unreasonably. *Erigan Company, Inc. v. Town of Grantwood Village,* 632 S.W.2d 495, 496 (Mo.App.1982). The person seeking the change or rezoning has the burden of presenting competent and substantial evidence of a public as well as a private need for the change in order to overcome the presumption of the validity of the action of the legislative body. *Plaas v. Lehr,* 538 S.W.2d 919, 921 (Mo.App.1976).

The reviewing tribunal must first determine whether the property owner's evidence has overcome the presumption of the reasonableness of the present zoning and if so it must then consider the defendants' evidence and determine if continuance of the present zoning is a fairly debatable issue. *Despotis v. City of Sunset Hills,* 619 S.W.2d 814, 820 (Mo.App.1981).

We have concluded that the trial court could have found that there was no substantial evidence before the county court that would overcome the presumption of the reasonableness of the present zoning. Even if we were to consider the statement of counsel before the planning commission as evidence there was no showing that Kolbs would be injured by the refusal to rezone his property.[1] The property was zoned residential when purchased a short time before they sought rezoning. Counsel informed the planning commission that a buffer would be maintained between most of the residential property and he described a road and sewer system that was planned. He further stated that there was some

1. See *Plaas v. Lehr,* 538 S.W.2d 919, 922 (Mo. App.1976).

light industrial property to the south of the property sought to be rezoned. This would not be sufficient to require rezoning. *Tealin v. City of Ladue*, 541 S.W.2d 544, 549 (Mo. banc 1976).

Kolbs complain that the circuit court erred in denying the offer of proof and refusing to admit the evidence of a professional engineer whose evidence was obviously intended to supply the deficiencies of the hearing before the commission which was the basis for the ruling of the county court.

■■■ In determining whether the county court acted arbitrarily or capriciously the reviewing court must of necessity confine itself to a review of the evidence that was before the county court. The case is not to be tried de novo. The trial court was authorized to hear additional evidence only for the purposes of proving what evidence was before the county court or of proving any fact touching upon the legality of the hearing. *State ex rel. Beacon Court v. Wind, et al.*, 309 S.W.2d 663, 666 (Mo.App.1958). The proposed testimony of the engineer did not tend to prove that any particular evidence was before the county court. The testimony would serve only to develop his opinion that the highest and best use of the property would be light industrial. Evidence as to the highest and best use of a piece of property is relevant when determining the market value of that property upon condemnation. *State, etc. v. Berkeley School District*, 618 S.W.2d 195, 198 (Mo.App.1981). Zoning is pertinent to a property's highest and best use to the extent that it may limit or encourage certain uses of the property. *State, etc. v. Berkeley, supra.* However, the highest and best use of a piece of property has no relevance in rezoning proceedings because there is no determination of value involved in the decision to rezone. Therefore, the engineer's testimony would have no relevance before the county court. Nor would this evidence tend to prove any fact touching on the legality of the hearing before the county court. The trial court correctly ruled upon the offer of proof.

The Kolbs claim that the trial court erred in excluding the testimony of the judges of the county court who testified under an offer of proof with respect to the reasons for their vote. Kolbs' objective was to show the motivation for the votes of the judges and particularly the judge who voted against the rezoning.

■■■ Zoning, as noted before is a legislative function and the courts will not inquire into the interests or motives of members of a legislative body when exercising legislative functions. *Strandberg v. Kansas City*, 415 S.W.2d 737, 742 (Mo. 1967). There was no error in the exclusion of the testimony of the judges of the county court.

■■■ The Kolbs also contend that the court erred in excluding minutes of the meetings of the planning commission concerning a prior application for rezoning of the subject property.

The Kolbs offered to show that they had previously filed an application for rezoning which had been denied by the planning commission and desired to have the minutes of the meetings concerning that application introduced into evidence in the circuit court.

The record does not reflect any attempt on the part of Kolbs to have the county court consider the matter contained in the minutes. This is another attempt to have the issues considered by the county court tried anew by the reviewing court. The issue was properly ruled by the trial court. *State ex rel. Beacon Court v. Wind*, 309 S.W.2d at 666.

The Kolbs' final point is that the trial court erred in admitting testimony of eleven of their witnesses elicited upon cross-examination by counsel for defendants. These witnesses were persons who had filed protests against the rezoning. The witnesses testified on cross-examination that they had title to property which was within 1000 feet of the frontage of the Kolb property.

It is Kolbs' contention that there was no proof of a valid protest and therefore the unanimous approval of the county court was not required in approving an amendment to the zoning map.

The applicable statute requires the protest to be:

> signed and acknowledged by the owners of twenty per cent of the frontage within one thousand feet to the right or left of the frontage proposed to be changed, or by the owners of twenty per cent of the frontage directly opposite, or directly in the rear of the frontage proposed to be altered, ...

It has been held that a protest that is signed but not acknowledged is invalid. *Platte County v. Chipman*, 512 S.W.2d 199, 205 (Mo.App.1974).

■ The regulations contained in the effective "Revised Zoning Order of St. Charles County of 1976" provides that the applicant for an amendment attach to his application "a list of all property owners within 1000 feet of the property to be rezoned." The Kolbs did attach such a list containing the names of 42 property owners. The protests were signed and acknowledged by approximately 60% of the owners of property listed by Kolbs in their application. They cannot now claim that the persons named as owners of property within 1000 feet of their property in their application are not such owners. *See Kelley v. Briggs*, 290 S.W. 105, 107 (Mo.App. 1927); *M.E. Sayers v. Bagcraft Corporation of America*, 597 S.W.2d 280, 282 (Mo. App.1980).

The applicants did not question the validity of the protest before the planning commission. They only tangentially attack the validity here by way of attacking the admission of the testimony of some of the protestors as being the only evidence on the issue and claiming that issue may not be tried de novo in the circuit court.

■ We are of the opinion that the reason for the rule announced in *Kaesser v. Becker*, 243 S.W. 346, 350 (Mo. banc 1922) with respect to referendum petitions is applicable here. If the protest upon its face meets the requirements of the statute it is prima facie, a valid protest and those that would question its validity have the burden of overcoming the prima facie validity of the protest.

■ In this case the Kolbs furnished the planning commission with the names of the property owners. The protest was "signed and acknowledged" by far more than 20% of the owners of property listed by the Kolbs in compliance with the terms of the statute. § 64.660 RSMo 1978. The protest was valid upon its face. There was no evidence produced to show that the protest was invalid in any respect. The testimony to which Kolbs object was mere surplusage and was not prejudicial.

The Kolbs also objected to the testimony of Mr. Lauer, an employee of the planning commissioners office. This testimony also concerned the protest petitions and what we have said respecting the last point also effectively disposes of this issue.

■ Judicial review of the county court's decision not to rezone the Kolbs' land is limited to determining whether the decision was authorized by law and supported by competent and substantial evidence upon the whole record. *Lichte v. Heidlage*, 536 S.W.2d 898, 899 (Mo.App. 1976). In examining the record to determine if said decision was properly supported by the evidence we must view the record in a light most favorable to the findings of the tribunal. *Murphy v. Board of Zoning, etc.*, 593 S.W.2d 549, 553 (Mo. App.1979).

■ In light of this standard of review and after consideration of the entire record we find that the county court's decision was supported by competent and substantial evidence and the circuit court properly upheld said decision.

KELLY, P.J., and SNYDER, J., concur.