**McPHERSON REDEVELOPMENT CORPORATION, Plaintiff–Appellant,**

v.

**Eugene WATKINS, et al.,
Defendant–Respondent.**

No. 52307.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 7, 1988.

Application to Transfer Denied
Feb. 17, 1988.

Gerard Timothy Carmody, Matthew D. Richardson, St. Louis, for plaintiff-appellant.

John Michael Putzel, St. Louis, for defendant-respondent.

STEPHAN, Presiding Judge.

This is a condemnation case originally heard in the Circuit Court of the City of St. Louis. The commissioners' assessments were disputed by both parties. In a trial based on those exceptions, the jury awarded defendants $90,000 in damages. We reverse and remand.

McPherson Redevelopment Corporation, plaintiff, has authority to acquire property by eminent domain pursuant to § 353.130 RSMo 1986. Plaintiff filed the action below to condemn two contiguous parcels of land owned by defendants. The court ordered both parcels condemned on July 17, 1985 and appointed condemnation commissioners to assess defendants' damages. The commissioners filed their report on January 31, 1986, assessing damages for the taking of the two parcels at $55,000. Both parties filed timely exceptions to the assessment and, in July 1986, a jury trial was held to determine damages. Defendant landowners presented two expert witnesses, Garland Noonan and Irvin Hilton. Noonan testified that, in his opinion, the two parcels had an aggregate market value of $71,200 and that such value was "very reasonable." Hilton testified that, in his opinion the value of the parcels was $87,-000. One of the defendant-owners testified that the parcels were "easily" worth $90,-000 to $95,000. As indicated above, the jury returned a verdict of $90,000.

Plaintiff called Steven Goldman as an expert real estate appraiser during the tri-

al. Goldman had previously acted as acquisition agent for plaintiff. As agent, Goldman attempted to persuade the property owners to sell voluntarily in order to avoid condemnation proceedings. In his capacity as agent, Goldman sent letters to the defendants in March 1984 containing offers to purchase their property.

The offers were for $45,000 on one parcel on which was located a building which defendants operated as a bakery and $3,000 on the other, an unimproved lot. Subsequent to the March 1984, offers but prior to the date of taking, February 6, 1986, the building was extensively damaged by a fire which rendered it useless. At trial, Goldman testified that, in his opinion the aggregate value of the two parcels of property was $25,000.

During cross-examination of Goldman, defendants' attorney caused the letters setting the offers to be marked in evidence, advising the court out of the hearing of the jury, that he proposed to put them into evidence as prior inconsistent statements. After an extensive sidebar conference, the trial court ruled that the letters could be shown to the witness to refresh his recollection, but they could not be shown to the jury. Furthermore, the letters were to be referred to as "documents", not letters or offers. In accordance with that procedure, defendants' attorney showed the letters to Goldman and elicited testimony from him to the effect that they were "documents" which contained figures reflecting Goldman's opinion of the value of each parcel as of March 4, 1984. In response to further cross-examination, Goldman testified that his opinion as to the value of the parcel with the building as shown in the documents was $45,000 and his opinion concerning the value of the other parcel was $3,000. On re-direct examination, Goldman explained that the difference between his opinion in 1984 and 1986 was the intervening fire which caused the building to become a liability rather than an asset.

Plaintiff raises only one point on appeal: the trial court erred in admitting the letters and the testimony relating to them because it was evidence of prior offers and prior negotiations of compromise and settlement.

Although the jury did not learn the actual verbiage of the letters, we must examine the reference to them, albeit as "documents", against the evidentiary backdrop. Prior to having them marked in evidence, counsel for defendants established through his cross-examination of Goldman that the real estate company of which Goldman is the president acted as "acquisition agent" for plaintiff McPherson Redevelopment Corporation. Goldman testified that the acquisition agent in condemnation proceedings determines what particular properties are worth and makes "offers accordingly" to the landowners. The landowners are apprised from the beginning that the offer is being made by the agent on behalf of an entity with power of eminent domain. Goldman admitted that he had performed such functions in connection with parcels of property involved in this case.

Under the circumstances there can be no doubt that the jurors were effectively informed of offers of settlement made on behalf of the plaintiff and that the dollar amounts referred to in the "documents" reflected the amount of the offers. As was said in *J.A. Tobin Construction Company v. State Highway Commission of Missouri*, 697 S.W.2d 183, 186 (Mo.App.1985):

> The general rule is that a settlement offer is inadmissible because of the policy of the law favoring the settlement of disputes. If offers of settlement were admitted in evidence, they would have the natural tendency with the jury to denigrate the defense position at trial. No one would make such offers if the risk of their being before the jury were a necessary corollary of the offer.

Settlement offers are prerequisites to condemnation proceedings where the landowner is known and is a resident of the state, for such proceedings cannot be commenced until it is established that the "owners cannot agree upon the proper compensation to be paid" by the redevelopment corporation. § 523.010, RSMo 1986 (made applicable to cases of this nature by § 353.130, RSMo 1986). Such an offer is clearly an offer to compromise and not admissible in subsequent litigation. *State ex rel. State Highway Commission v.*

---

*Berkeley School District,* 618 S.W.2d 195, 199 (Mo.App.1981). Goldman's offers in his capacity as acquisition agent for the redevelopment corporation were an integral part of the condemnation process, an effort to avoid the litigation which followed. As was said in *State ex rel. State Highway Commission v. Sheets,* 483 S.W.2d 783, 785 (Mo.App.1972), "Public policy favors the settlement of disputed claims out of court and offers of settlement are treated as offers to obtain peace rather than an admission of value to be held against the offerer."

The testimony elicited from Goldman relating to the $45,000 for the parcel with the building and $3,000 for the other parcel, coming as it did after defense counsel had the witness describe in detail the role of an acquisition agent in attempting to procure sales, could only have been interpreted by the jury as offers made to avoid litigation.

Under the circumstances, the judgment must be reversed and the cause remanded for a new trial.

DOWD and PUDLOWSKI, JJ., concur.